## DEMPSEY *v.* THE CITY OF ROME.

*Simmons, C. J.*—1. Although a charge to the effect that if a physical injury to the plaintiff resulted from the mutual negligence of both parties, and that if the plaintiff contributed "three fourths or one third or some other amount to the injury," his recovery would be reduced by the amount of his default, was, under the ruling of this court in *Central Railroad Company* v. *Newman*, 94 *Ga.* 560, incorrect, yet where the only complaint made of such charge is, that it was erroneous because "any contributory negligence on the part of the plaintiff would defeat a recovery," the giving of such charge is not cause for a new trial.

2. This court having decided when this case was before it at the March term, 1894, that it was error to grant a nonsuit, and the plaintiff's evidence at the trial now under review being substantially the same as at the first trial, and one new trial having since then been granted by the trial court, it was error for that court to grant a second new trial, it appearing that the case really turned upon the credibility of witnesses, that the jury believed those introduced for the plaintiff, and that their evidence was amply sufficient to warrant a recovery.

*Judgment reversed.*

*Lumpkin, J.,* dissenting.—Irrespective of the question made by the charge complained of, the court did not abuse its discretion in granting a second new trial. This is so for the reason that the verdict was against the decided weight and preponderance of the evidence. That it is not only the right but the duty of a trial judge to grant two, or more, new trials in such cases, is demonstrated by the clear and able opinion of Clarke, Judge, in *Taylor* v. *Central Railroad Co.*, 79 *Ga.* 330.

July 27, 1896. Argued at the last term.

Action for damages. Before Judge Turnbull. Floyd superior court. January term, 1895.

Dempsey sued the city for injuries sustained by him from catching his foot at night in a hole in a plank crossing on a street, whereby he was violently thrown to the ground, his left thigh bone fractured, his left leg permanently weakened, and two ribs on his left side were fractured, which penetrating the pleura of the left lung caused inflammation of the same and resulted in pleurisy, the effect of which was

to seriously and permanently weaken said lung and make it more liable to attack, etc.

Upon the first trial a nonsuit was granted, which judgment was reversed. 94 *Ga.* 420. The second trial resulted in a verdict for plaintiff for $2,000, and a new trial seems to have been granted. On the third trial plaintiff obtained a verdict for $2,169.85. Defendant's motion for new trial was granted, and plaintiff excepted.

The motion was upon the grounds that the verdict was contrary to law and evidence, to a specified portion of the charge; and that the court erred in charging: "In the event that you find that this injury resulted from negligence of the city or its agents and officers, and that it didn't occur by reason of the negligence of the plaintiff himself, and could not have been avoided by him by the exercise of ordinary and reasonable care and that it was an unavoidable accident, but you nevertheless believe that the plaintiff was guilty of some negligence which contributed to the injury, then, in that event, the plaintiff would be entitled to recover, but the amount of the recovery would be diminished in proportion to the fault on his part. But in no event will he be able to recover if the injury could have been avoided on his part by the exercise of ordinary and reasonable care. If he is lacking in reasonable and ordinary care, in that case he cannot recover at all. But if he is guilty of anything that falls short of ordinary care, that contributes to the injury, then, in that event, you would find for the plaintiff, but would diminish his recovery in proportion to the fault with which he is chargeable. For instance, if you find he is entitled to recover under this charge, but you find he has contributed, say one half, or three fourths or one third, or some other amount to the injury, then you would diminish the amount of his recovery by the amount of his default, whatever you find that to be—one half, two thirds or three fifths, as it may be." Alleged to be error, defendant contending that any

contributory negligence on the part of the plaintiff would defeat a recovery; and that where there was any negligence on the part of the plaintiff, there should not be a proportionate reduction but absolute defeat of recovery.

*McHenry, Nunnally & Neel,* for plaintiff.
*Halsted Smith,* for defendant.