2546.  GRIFFIN *v.* CENTRAL OF GEORGIA RAILWAY CO.

The allegations of the petition set out a cause of action, and the court erred in dismissing it on demurrer.

DECIDED OCTOBER 14, 1910.

Action for damages; from Harris superior court—Judge Gilbert. October 13, 1909.

The allegations of the petition, in substance, make the following case: The plaintiff's husband was a conductor on a freight-train of the defendant company. On October 13, 1904, he was on a freight-train running from Columbus to Greenville, Ga., over a narrow-gauge road. On the arrival of the train at Chipley, it was his duty to stop the train and leave some freight-cars on the side-track, and the train was stopped there for that purpose. In the discharge of his duty he went to the side-track where the cars were to be switched, and, after examining the place where the cars were to be left, signalled the engineer to come back slowly with the train, and, in the proper discharge of his duty, stood on the right side of the side-track, between the side-track and a brick wall which the defendant had erected at the edge of its platform. This place was the proper place for the conductor to stand, to give signals and see that the cars were left, and to instruct the engineer where to stop with the cars, and to give such signals to the engineer as were necessary and proper for disconnecting the

cars. The amount of clear between the end of the train and the switch of the side-track made the distance from the engineer to the conductor between 140 and 150 yards. A proper signal was given to the engineer to move the locomotive and cars back, and when the cars and locomotive neared the conductor, the engineer, instead of slowing up and checking the speed of the locomotive, as he was signalled to do by the conductor, negligently and carelessly increased the speed. The conductor, after ascertaining that the engineer was not going to slow up and stop the train as he had been signalled and directed to do, did not have sufficient time to cross the track and get out of danger, or to go around the brick wall above mentioned and thereby escape the danger; nor did he have time to climb the brick wall and escape danger. The conductor thereupon stood as closely as possible to the brick wall, all the time signalling the engineer to stop the train. The signal was not obeyed by the engineer, and one of the cars caught the conductor between it and the brick wall and rolled him around and around violently, causing injuries from which he subsequently died. It is alleged that the car that caught the conductor was a broad-gauge car, which had been placed upon a narrow-gauge track without the knowledge of the conductor, and that a narrow-gauge car would have left a sufficient distance between it and the wall to have permitted the conductor to stand without danger while the car was passing, but there was not sufficient space between the broad-gauge car and the brick wall to permit the conductor to stand with safety while the car was passing. The erection of the brick wall so near the track, and the placing of a broad-gauge car on a narrow-gauge track without notice to the conductor, are alleged to have been negligence on the part of the defendant, and the conduct of the engineer in refusing to obey the signal given to him by the conductor, to slow up and stop the cars before they reached him, was negligence on the part of the engineer, which was the proximate cause of the injury, in connection with the negligence attributable to the defendant company. It is alleged that the conductor had run on the road for only a short time, and was ignorant of the proximity of the wall to the track, and ignorant of the use of the broad-gauge car on the narrow-gauge track.

*Carson & McCutcheon, Hatcher & Hatcher,* for plaintiff.

*Charlton E. Battle,* for defendant.

HILL, C. J. (After stating the case.)

It is manifest, from the allegations of the petition, that the conductor would not have been injured or killed but for the concurrence of all three of the acts of negligence alleged. His position between the wall and the car would not have been dangerous if the engineer had obeyed the signal and slowed down and stopped the car before reaching the point where the conductor was standing. In so far as the brick wall is concerned, it may be stated that its proximity to the track was an obvious danger, plainly apparent to the conductor; and this may be conceded to be true also in reference to the broad-gauge car on the narrow-gauge track; and if these were the only allegations of negligence, the plaintiff could not recover. But as before stated, it is manifest that the proximity of the wall to the passing broad-gauge car would not have injured or killed the deceased but for the negligence of the engineer in failing to obey the conductor's signal to slow up and stop the backing train of cars. The conductor, in taking this position in the discharge of his duty, as alleged, had the right to believe that the engineer would obey his signal and stop or slow down the cars. In other words, the position of the conductor between the wall and the track was rendered dangerous only by the negligent conduct of the engineer, and but for such negligent conduct this position would have been entirely free from danger. The negligent conduct of the engineer, therefore, in not obeying the conductor's signal, was, under the allegations of the petition, the proximate cause of the homicide. The petition negatives contributory negligence on the part of the conductor; hence a cause of action was set out. It can not, of course, be logically claimed that the act of the conductor, in standing between the wall and the track, necessarily constituted contributory negligence; for the very simple reason that it is alleged that it was not a place of actual danger, until made so by the engineer's failure to obey the signal given to him by the conductor, to stop or slow down the backing cars. We think, therefore, that the court erred in sustaining the demurrer and dismissing the petition.                    *Judgment reversed.*