4704. MILLER v. CENTRAL OF GEORGIA RAILWAY CO.

1. Where the question in a case is one of fact, every presumption is in favor of the verdict of the jury, that they found what was the truth of the matter; and the record must affirmatively show that the verdict was contrary to law, before it can be set aside.

2. Where two verdicts have been rendered in favor of the same party on substantially the same issues of fact, the rule of discretion applicable to the first grant of a new trial does not so apply as to authorize the trial judge to grant a second new trial merely upon the ground that his opinion as to the weight of the evidence adduced differs from that of the jury. And while a second verdict with no evidence to support it should be set aside as readily as the first, still a second verdict can not be set aside (as the first verdict might be) merely because the judge may be of the opinion that the preponderance of the evidence is in favor of the losing party. The liberality of indulgence by this court in favor of the discretion of the trial court in the first grant of a new trial will not be extended to a second.

3. Under the ruling of this court when this case was before it on exception to a judgment sustaining a demurrer and dismissing the suit, the plaintiff was entitled to recover if she proved the allegations of her petition. That decision fixed the law of the case; and the verdict in this particular case can not be said to be contrary to law, since the evidence authorized the jury to find that the facts as alleged were established. The trial judge erred in granting a second new trial.

DECIDED OCTOBER 31, 1913.

Action for damages; from Harris superior court—Judge Gilbert. January 20, 1913.

*H. C. McCutchen, Hatcher & Hatcher,* for plaintiff.

*Battle & Hollis, C. F. McLaughlin, E. B. Trammell,* for defendant.

---

See footnote on page 817, ante.

RUSSELL, J.   This case has previously been before this court (*Griffin* v. *Central of Georgia Ry. Co.*, 8 *Ga. App.* 341, 60 S. E. 320).   After its prior appearance in this court the plaintiff married a Mr. Miller, and this accounts for the change in the name of the plaintiff.   As pointed out when the case was here before, the proximate cause of the homicide (under the allegations of the petition) was the negligent conduct of the engineer in not obeying the conductor's signal to stop or slow down the cars while he was beside a depot platform.   The wall of the brick platform was so close to the track, according to the allegations of the petition, as apparently to place the conductor in a place of obvious danger, but for the fact that the proximity of the wall to the broad-gauge car in passing would not have injured the deceased but for the negligence of the engineer in failing to slow up and stop the train of cars which was backing toward him.   "In other words, the position of the conductor between the wall and the track was rendered dangerous only by the negligent conduct of the engineer, and but for such negligent conduct this position would have been entirely free from danger."   The defendant specifically denied that the conductor gave signals to the engineer, and further specifically denied that the engine was in fact attached to the cars, by the running of which the plaintiff's husband was killed.   It is very plain then that the case turned on whether the cars by which Griffin was killed were attached to the engine, whether Griffin as conductor gave signals to the engineer backing the train to which the cars in question were attached, and whether the engineer, in disobeying the signals given, was guilty of such negligence as that the deceased would not have met his death but for this negligence.   There was evidence in behalf of the plaintiff that the engineer was upon his engine, that the broad-gauge car which killed Griffin was attached thereto, that Griffin was in plain view of the engineer and looking toward him and signalling to him, and that the engineer was also looking at Griffin at the time the latter was making these signals. There was evidence that cars could be placed upon that track and had been so placed with a pinch-bar; so that the jury had the right to infer that it was not necessary that the engineer back the train at such rate of speed as to drive the narrow-gauge car past Griffin for its entire length, and also to push the broad-gauge car a distance of half its length beyond the point where Griffin was stand-

ing. In other words, even disregarding the proof of signals (for the witnesses did not know the meaning of the signals which Griffin gave the engineer), the jury were authorized to infer that the engineer, seeing and being fully cognizant of Griffin's position, was negligent in backing the cars at the rate of speed, and with the resultant force, employed by him, and that if he had considered all the circumstances which were apparent to him and had backed the train more slowly, and stopped it sooner, Griffin would never have been imperilled or injured. In connection with this too, it was for the jury to determine whether it was negligence as to the plaintiff's husband for the defendant to operate the broad-gauge car upon a narrow-gauge track, and thus bring the car so close to its brick platform as to create a new danger for a conductor who had been brought from a different run, as the deceased had been. Without attempting to recapitulate the testimony, we are clear that there was evidence in behalf of the plaintiff which authorized the verdict.

From the order of the learned trial judge granting the defendant's motion for a new trial, it appears that this "is the second verdict for the plaintiff, the first verdict having been set aside for the reason that the facts did not warrant the recovery." We have, of course, had no opportunity of knowing what evidence was adduced at the trial in which the verdict in question was rendered, but in the judgment which is in the record the court states that "there was no material difference in the evidence." So that it is apparent that this second verdict in favor of the plaintiff was rendered upon the same issues and upon practically the same testimony presented on the first trial, and it was set aside, as stated in the judge's order, because "the facts are not sufficient, in the mind of this court, to authorize the recovery." As already stated, we differ from the learned trial judge upon this point.

1. The motion for a new trial now under review depends solely upon the usual general grounds. There is no complaint that any error of law was committed on the trial. The issues raised only a question of fact, and it is well settled that where the question in a case is one of fact, every presumption is in favor of the verdict of the jury, that they found what was the truth of the matter; and the record must affirmatively show that the verdict was contrary to law, before it can be set aside. *Maddox* v. *Cross*, 80 *Ga.* 105.

2, 3. This court having decided, when the case was heretofore before us on demurrer, that the plaintiff was entitled to recover if she proved her allegations, and there being evidence to support the plaintiff's case, and two juries having rendered concurrent verdicts in favor of the plaintiff, when "there was no material difference in the evidence," and there being no complaint that there was any error of law which might have contributed to the result, the question raised for our determination is whether a trial judge, upon application for a third trial of the same issues, may grant it as a mere matter of discretion, because "the facts are not sufficient, in the mind of [the trial] court, to authorize the recovery." Omitting from consideration the principle stated in *Richmond & Danville R. Co.* v. *Allison,* 89 *Ga.* 571 (16 S. E. 116), that "the prevailing party who gets a verdict has a property right in it," and that "the courts must take verdicts of juries, when proper from the evidence, as the right conclusion as to what is the truth of the case," it would seem that the present case is controlled by the ruling of the Supreme Court in *Cook* v. *W. & A. R. Co.,* 72 *Ga.* 48, and that since the ruling of this court upon the demurrer (8 *Ga. App.* 341), the question in this case is res adjudicata. It is well settled that unless the verdict rendered was absolutely demanded, the discretion of the trial judge in granting a first new trial is practically not subject to review. But in a case in which only an issue of fact is presented, even though the judge may be of the opinion that the evidence preponderates in favor of the losing party, the rule of discretion does not apply to a second grant of a new trial. This seems to be settled not only by the decision in *Cook* v. *W. & A. R. Co.,* supra, but also by the decisions in *Cleveland* v. *Central R. Co.,* 73 *Ga.* 793, *Dempsey* v. *Rome,* 99 *Ga.* 192 (27 S. E. 668), and *Dethrage* v. *Rome,* 125 *Ga.* 802 (54 S. E. 654). In the *Cleveland* case, supra (in which a question of contributory negligence was involved, and the judgment of the trial court in granting a second new trial was reversed), there was really more room for the exercise of discretion than in the instant case, because in that case the point that the verdict was excessive was raised. Yet the Supreme Court, Chief Justice Jackson delivering the opinion, held, that "questions of contributory negligence are matters for the jury, and after two verdicts for the same amount and based upon the same facts, the judge should not have interfered with the finding, there being enough evi-

dence to justify it, and no error of law being complained of in the rulings of the court on the trial." In *Dempsey* v. *Rome,* supra, the court was divided, and Justice Lumpkin, dissenting, cited the case of *Taylor* v. *Central R. Co.,* 79 *Ga.* 330 (5 S. E. 114), but the majority of the court, speaking through Chief Justice Simmons, held: "This court having decided when this case was before it at the March term, 1894, that it was error to grant a nonsuit, and the plaintiff's evidence at the trial now under review being substantially the same as at the first trial, and one new trial having since then been granted by the trial court, it was error for that court to grant a second new trial, it appearing that the case really turned upon the credibility of witnesses, that the jury believed those introduced for the plaintiff, and that their evidence was amply sufficient to warrant a recovery." In *Dethrage* v. *Rome,* supra, the principal cases in which a second grant of a new trial was sustained, including *Taylor* v. *Central R. Co.,* supra, were cited, and it was said that after the first grant of a new trial, where the matter in controversy is one of fact, and where a second verdict upon the question at issue, concurrent with the first, is reached, "The mere discretion of the court can play but little part in the second motion for a new trial;" and the court quoted from Chief Justice Jackson in *Cook* v. *Western & Atlantic R. Co.,* supra, the holding that the "discretion of the presiding judge in granting a first new trial had been exhausted in the case, and the grant of another was error."

It is readily to be seen that if the statement that the mere discretion of a court can play but little part in a second motion for a new trial implies that the trial judge has some discretion in passing upon a second motion, it has reference to cases in which the result reached by the jury is manifestly wrong. In such a case it is obvious that no number of verdicts could ever make wrong right. But in cases where the result is dependent merely upon a choice of testimony which is in conflict, the decisions cited above are controlling. They were followed in *Scribner* v. *Mutual Building Co.,* 1 *Ga. App.* 528 (58 S. E. 240), in which this court held, that "Where two verdicts have been rendered in favor of the same party on substantially the same issues of fact, and two new trials have been granted by the presiding judge, the rule of discretion applicable to the first grant of a new trial

has no application; and if the evidence on the last trial, although conflicting, supported the second verdict, it should not be set aside." In *Merchants & Miners Transportation Co.* v. *Corcoran,* 4 *Ga. App.* 654 (62 S. E. 130), it was said: "A second verdict, found with no evidence to sustain it, should be set aside as readily as a first, but a second verdict can not be set aside as a first verdict might be, merely because upon the second trial the judge may think that the preponderance of the evidence is in favor of the losing party."

Language has been used by this court since the ruling in the *Scribner* case, supra, just as in decisions of the Supreme Court subsequent to the rulings in the *Cook* and *Cleveland* cases, supra, apparently to some extent modifying the clean-cut rulings announced in each of these cases, but the rule that the oldest decision is controlling is well recognized, and for that reason, as well as because, in view of our ruling upon the demurrer, the question in this particular case is res judicata, we think the trial judge erred in granting a third trial in the case.

*Judgment reversed. Pottle, J., dissents.*

POTTLE, J., dissenting. "Where there have been two concurrent verdicts in favor of a party litigant, the second grant of a new trial 'on account of alleged conflict between the evidence and the verdict will be closely examined to see that the discretion of the court below has been justly and wisely exercised, in view of the peculiar issues and facts of each case and having due regard to the general consideration of the fitness of juries to ascertain the facts, and the necessity that there must be some end to litigation.' *Vassie* v. *Central of Ga. Ry. Co.,* 135 *Ga.* 8 (68 S. E. 782) ; *Stewart* v. *Central Ry. Co.,* 3 *Ga. App.* 397 (60 S. E. 1)." *Savannah Electric Co.* v. *Lackens,* 12 *Ga. App.* 765 (79 S. E. 53, 54). I do not understand the law to be that the second grant of a new trial will always be reversed simply because the reviewing court finds a conflict in the evidence and no error of law has been committed. As I understand the decisions of the Supreme Court which have been followed by this court, the discretion of the trial judge in reviewing a second verdict is somewhat more limited than it is when he is reviewing a first verdict, but, nevertheless, he has a discretion as to setting aside the second verdict, and where he sets it aside the only duty imposed upon the reviewing court is to

examine the evidence carefully to see that this discretion has been wisely exercised. I am, of course, bound by the decision rendered by this court when the case was here on demurrer, but nevertheless I am of the opinion that the trial judge did not abuse his discretion in granting a second new trial. To my mind it is extremely doubtful whether the plaintiff is entitled to recover at all, but conceding that she is, I am not prepared to say that the second grant of a new trial to the defendant is such an abuse of discretion as to require a reversal of the judgment.