GORDON & CO., for use, *v.* OLLIFF *et al.*, adm'rs.

This being a writ of error from a judgment refusing a second
new trial, and the only exceptions being that the verdict is
contrary to law and contrary to evidence, and there being
some evidence to support the finding, the discretion of the
trial judge in refusing a new trial will not be controlled.

Argued January 21,—Decided March 22, 1897.

Complaint.   Before Judge Gamble.   Bulloch superior
court.   April term, 1896.

*William W. Gordon, Jr.,* for plaintiffs.

*Groover & Johnston* and *James K. Hines,* for defend-
ants.

ATKINSON, Justice.

Gordon & Co. brought suit against J. F. and J. W.
Olliff, administrators of W. W. Olliff, upon a promissory
note given by W. W. Olliff to W .W. Gordon & Co., dated
February 25th, 1892, for the principal sum of $3,198.67,
with interest after maturity at 8% per annum, having a
credit, dated July 24th, 1893, of $2,758.80.   There was a
plea of the general issue, plea of payment, and a plea of re-
coupment.   Under the view we take of the present case, it is
only necessary to consider the plea of payment.   The issues
made in this case have been twice presented to a jury, and
in both instances the finding has been adverse to the plain-
tiffs.   Upon their motion, the first verdict was set aside,
and a new trial awarded.   The trial judge refused to set
aside the second verdict, and error is assigned upon that re-
fusal.   Upon the trial, touching the subject of payment,
one of the defendants testified to the effect that W. W.
Olliff was his father; that his father was the maker of the
promissory note sued upon; that after the death of his
father, he, witness, went to the office of the plaintiffs and
in the course of a business conversation relating to matters
pending between himself individually and the plaintiffs,

W. W. Gordon, a member of the plaintiffs' firm, complained very bitterly of the failure of the witness's father to comply with certain engagements into which the senior Olliff had entered with the plaintiffs; that thereupon he said to said Gordon: "If my father owes you anything, you can take it out of the account of J. W. Olliff & Co."; and that thereupon he rejoined that the senior Olliff owed the plaintiffs nothing. The plaintiffs, on the contrary, at the trial produced the note sued upon; and testifying on behalf of his firm, W. W. Gordon denied that any such conversation had taken place between himself and the witness, but stated that the amount which appeared to be due on the promissory note was still due and unpaid. Upon this conflict of evidence, the jury found in favor of the defendants.

If this were a first motion by plaintiffs for a new trial, it is quite likely that this court would direct a new trial to be had, if, under the circumstances of this case, it had been refused by the trial judge; but it is a rule of universal acceptance in this court, that if there be any evidence to support a verdict rendered after the grant of one new trial to the same party, the discretion of the trial judge, with respect to those matters, will not be controlled. This is a salutary rule, which, though resulting sometimes in hardship to parties, is necessarily applied in order that there may be an end to litigation. The trial judge has a broad discretion with respect to these matters. The responsibility is with this court to see that the law is administered; the responsibility is with him to see that abstract justice is attained. He had before him both of the witnesses testifying to the conflicting statements which the jury undertook to reconcile upon some theory satisfactory to themselves. The solution by the jury of the problems submitted to them was approved by the trial judge; and while we are not prepared to say, looking at the record alone, that we would have given the case the same direction, we do not feel at liberty to control the discretion of the upright, able and

conservative judge who, presiding at the trial, afterwards refused a new trial upon the merits of the controversy.

In accordance with the well established rule of law applied to like cases in this court, there being some evidence to support the verdict, the judgment of the trial judge must stand.

*Judgment affirmed. All the Justices concurring.*