## 735.  STEWART *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

1. "The power of the superior courts [and city courts] to grant new trials, being expressly conferred by statute, as well as arising from common-law principles, is not limited by any absolute and invariable rule as to the number of times of its allowable exercise, but the presumption of the legality of such grant weakens upon each concurrent verdict." There was no abuse of discretion in granting the second new trial in the present case.

2. When a common carrier has transported a shipment to destination and the consignee has paid the freight, and given his receipt for the shipment, the contract of carriage is completed. If, having removed a part of the goods, the consignee leave the remainder in the depot over night, through courtesy of the company or its agent, and they are burned, "the company, if liable at all, is responsible only for gross neglect, as a gratuitous bailee."

Action for damages, from Carroll superior court—Judge Freeman.  August 8, 1907.

Argued December 10, 1907.—Decided January 15, 1908.

*Beall & Adamson,* for plaintiff.   *R. D. Jackson,* for defendant.

POWELL, J.  A shipment of flour belonging to the plaintiff arrived over the defendant's railway lines at Carrollton on Friday, May 19, 1905, about midday, in good order, and was unloaded into its depot.  The plaintiff was immediately notified of its arrival.  On the next day he paid the freight, signed a receipt for the shipment, and began to move it, and easily could have moved it that day, but, owing to his drays being busy otherwise, did not complete the removal by that night.  The next day was Sunday; and early on Monday morning a fire of unknown origin broke out in the depot.  The depot was built of brick; but against the wall, and just above the portion of the floor on which the flour was placed, were some wooden shelves on which were stored files of way-bills, freight bills, and other office papers, kept for record purposes.  These papers caught fire, and, by falling on the flour, damaged it.  The plaintiff knew of the existence and location of these files when he left the flour in the depot.  The building was well constructed, the doors were locked, and the night operator was on duty in the adjoining room.  The jury rendered a verdict in the plaintiff's favor for the damage done the floor.  Although it was

the second concurrent verdict, the trial judge set it aside on motion for a new trial, and the plaintiff excepts.

. 1.   Some doubt seems to exist in the minds of the bar as to the right of the trial judge to grant a second new trial to the same party on the ground that the verdict is contrary to the weight of the evidence.   The headnote opinion of the Supreme Court in the case of *Lewis* ·v. *Equitable Mge. Co.*, 99 *Ga.* 336, may be responsible for some of this uncertainty.   At the time that decision was rendered, the Supreme Court consisted of Chief Justice Simmons and Justices Lumpkin and Atkinson.   Speaking for the majority of the court, Chief Justice Simmons said: "Where a second verdict has been rendered on substantially the same issues of fact in favor of the same party, the rule of discretion applicable to the first grant of a new trial does not apply, and if at the last trial there was nothing objectionable in the rulings of the presiding judge, and the evidence, though conflicting, supported the second verdict, it should not be set aside.   *Veal et al. v. Robinson,* 76 *Ga.* 838." Justice Lumpkin, dissenting, said: "In view of the evidence disclosed by the record in this case, I am of the opinion that the trial judge was right in setting aside the second verdict in favor of the plaintiffs in error.   *Taylor* v. *Central Railroad & Bkg. Co.*, 79 *Ga.* 330, and cases there cited." An examination of the case of *Veal* v. *Robinson,* cited in the majority opinion, shows that when that case was before the Supreme Court upon the grant of a first new trial, it was held that even that grant, under the facts, was sustainable only because of an error of the court; that the verdict was wholly consistent with the facts as proved.   So that what the majority of the court in the *Lewis* case manifestly intended to hold was that the case then sub judice fell within the rule in the *Veal* case, that where the verdict was clearly supported by the evidence and there was no error of law, it was an abuse of discretion for the judge to grant a second new trial. In support of this view it may be noted that in the case of *Davis* v. *Chaplin,* 102 *Ga.* 587, in which Chief Justice Simmons and Justice Atkinson both concurred, it was held: "This court will not reverse a judgment granting a second new trial on the ground that the verdict is contrary to evidence, when it appears from the record that the evidence in support of the verdict was at best weak and ·unsatisfactory, and the decided preponderance of the testi-

mony was on the side of the losing party."· Also, in *Daniels* v. *Leonard,* 105 *Ga.* 841, all the Justices concurring, it was held: "When it is palpably apparent from the entire evidence in the record that the verdict was strongly and decidedly against the weight of the same and manifestly wrong, this court will not reverse a judgment granting a second new trial, although there may have been some evidence tending to support the verdict." As authority for this proposition, the court cites *Taylor* v. *Central R. Co., 79 Ga.* 330, the same case cited by Justice Lumpkin in support of his dissent in the *Lewis* case. Chief Justice Simmons was a member of the court at the time *Daniels* v. *Leonard* was decided, though Justice Atkinson had previously resigned. However, in the case of *Gordon* v. *Olliff,* 100 *Ga.* 584, Justice Atkinson, in passing on the question of a second new trial, said in behalf of the court,. "The trial judge has a' broad discretion with respect to these matters. The responsibility is with this court to see that the law is administered; the responsibility is with him to see that abstract justice is attained." Prior to the case of *Taylor* v. *Central R. Co., 79 Ga.* 330, the Supreme Court had for the most part made only physical precedents in affirming or reversing grants of second new trials, empirically deciding that the second grant was or was not error in each particular case. In the *Taylor* case the court took the question under full and philosophic review, and, after much discussion, stated the sum of the whole matter thus: "From all that has been said and shown, we conclude that the power of the superior courts to grant new trials, being expressly conferred by statute, as well as arising from common-law principles (vide code sections 3711-3718), is not limited by any absolute and invariable rule as to the number of times of its allowable exercise, but that the presumption of the legality of such ·grant, generally speaking, weakens upon each additional concurrent verdict; and that a third, or even a second, grant of a rehearing on · the ground of the evidence being decidedly and strongly against the verdict, will .be carefully reviewed to see that the discretion to grant it has been justly, wisely, and prudently exercised, letting each case stand as to this question upon its peculiar issues and facts, and allowing due weight to the general considerations of the fitness of juries to find the facts, and of the necessity that there shall be some end to litigation." Any number of concurrent ver-

dicts based on no evidence or otherwise legally wrong should be set aside. *Wood* v. *Lane*, 102 *Ga.* 199; *Sanders* v. *Allen*, 124 *Ga.* 684; *Crown Cotton Mills* v. *McNally*, 127 *Ga.* 404. "When a case, because of conflicting evidence, is, upon the issues of fact involved, close and doubtful, and its determination depends entirely upon questions of credibility, and there is no decided weight of evidence in favor of either side, a second new trial should not be granted to the same party 'upon the ground that the verdict was not authorized by a preponderance of the evidence.'" *Thornton* v. *Abbott*, 105 *Ga.* 846.

2. It was ruled in *Kenny Co.* v. *A. & W. P. R. Co.*, 122 *Ga.* 365, "Where a railroad company has transported a car-load of goods and notified the consignee of their arrival, the delivery is complete when the agent of the consignee verifies the goods in the car and gives his receipt for the same." In the same case it is further held that if, after removing a part of the goods, the consignee leaves the remainder overnight in the custody of the railroad agent, the company "if liable at all, is liable only for gross neglect, as a gratuitous bailee." See also *Kight* v. *W. & T. R. Co.*, 127 *Ga.* 204, and cit.; *Georgia R. Co.* v. *Thompson*, 86 *Ga.* 328; *Southern Ry. Co.* v. *Rosenheim*, 1 *Ga. App.* 766. Proof of the exercise of slight diligence in the care and keeping of the property was sufficient to free the company from responsibility for its loss. *Merchants Bank* v. *Carhart*, 95 *Ga.* 394. The consignee, having left his flour underneath the paper files, with full knowledge of their existence and location, can make no complaint against the company on account of their proximity to the flour. The company fully rebutted the presumption against it.

*Judgment affirmed.*