### 10636.   JONES v. STAPLER.

The second grant of a new trial to the defendant in this· case was not an abuse of the discretion of the trial judge.

DECIDED JANUARY 7, 1920.   REHEARING DENIED JANUARY 28, 1920.

Action for damages; from city court of Macon—Judge Guerry. April 28, 1919.

Application for certiorari was denied by the Supreme Court.

J. F. Urquhart, Hall & Grice, C. J. Bloch, for plaintiff.

J. R. L. Smith, G. C. Harris, P. F. Brock, Reagan & Reagan, for defendant.

LUKE, J.  Twice has this case been tried by a jury.  The verdict on the second trial was for just double the amount found by the jury on the first trial, and was for the full amount sued for.  The order granting the new trial after the second verdict was in general terms.  In Richie v. Louisville & Nashville Railroad Co., 23 Ga. App. 741 (99 S. E. 309), this court held: "It appears to be conclusively settled that, notwithstanding the return of a second verdict in favor of the same party, the trial judge may still exercise his discretion in granting or refusing a new trial, though that discretion may not then be as ample as on the hearing of the motion for a first new trial (Morgan v. Lamb, 16 Ga. App. 484, 85 S. E. 792, and cases there cited), and under the particular facts of the instant case the second grant of a new trial was not an abuse of the discretion vested in the trial judge."  As in that case we held that "under the particular facts of the instant case the second grant of a new trial was not an abuse of the discretion vested in the trial judge," so we hold in this case.

As a new trial is to be had, the errors (if errors they are) complained of in the special grounds of the motion for new trial are such as will not likely recur on another trial, and it is not necessary to pass upon them.

Judgment affirmed.   Broyles, C. J., and Bloodworth, J. concur.