13892.    HARTIS *v.* CENTRAL OF GEORGIA RAILWAY CO.

STEPHENS, J.    1.   Where an instrumentality furnished a servant by the master is unsafe, and the master promises the servant that the danger will be removed, and instructs him to continue its use in such unsafe condition, such promise and instruction amount  to an assurance to the servant that the master's right to hold him to an assumption of the

particular risk is dispensed with. It is not, under such circumstances, necessary for the master, in order to dispense with his right to hold the servant to an assumption of the risk, to expressly assure the servant that it would be safe to use the instrumentality in such condition. See, in this connection, *Bush* v. *West Yellow Pine Co.*, 2 *Ga. App.* 295 (58 S. E. 529); *Shue* v. *Central of Ga. Ry. Co.*, 6 *Ga. App.* 714 (65 S. E. 697).

2. In a suit by the servant to recover against the master on account of injuries sustained by the servant by reason of such alleged unsafe condition of the instrumentality used by the servant, where there is evidence authorizing the inference that the master had dispensed with his right to hold the servant to an assumption of the risk as above indicated, a request to charge, made by the defendant, that if the plaintiff knew and had an equal opportunity with the defendant of knowing the danger of using the instrumentality in its alleged unsafe condition, the servant assumed the risk incident thereto and could not recover, was properly refused.

3. The court having undertaken to instruct the jury as to determining where the preponderance of the evidence lies, and there being a general exception that the court failed to give in charge section 5732 of the Civil Code, which points out how to determine where the preponderance of the evidence lies, and also a general exception that the court failed to instruct the jury how to determine where such preponderance lies, a specific omission by the court to instruct the jury as to any particular circumstance which may be considered, as pointed out in that section of the code, in determining where the preponderance of the evidence lies, can not, since such omission is not specifically excepted to, be successfully urged as error.

4. This being a suit where one of the elements of damage sued for is an alleged diminished earning capacity, and the court having admitted in evidence certain mortality and annuity tables, and having in the charge to the jury expressly instructed them that the use of such tables was entirely optional with them, an expression in the charge that should the jury believe the plaintiff is " entitled to recover a verdict for diminished earning capacity, you will apply the tables as far as that claim is concerned," is not subject to the objection that the expression " you will apply the tables as far as that claim is concerned " instructed the jury that it was obligatory upon them to apply such tables. By the use of this expression the court manifestly meant that the tables were to be used by the jury, if used at all, only for the purpose of arriving at the diminished earning capacity of the plaintiff, and that they should not be used for the purpose of determining any other element of damage.

5. The charge of the court fairly submitted all of the issues in the case, and the court did not err as otherwise set out in any of the special grounds of the motion for a new trial.

6. It not appearing that any error of law was committed, and the verdict for the plaintiff having been set aside and a new trial granted upon motion of the defendant, the order granting the same, not being based upon any special ground, must necessarily have been granted upon the general grounds, either upon the discretionary ground or upon the

46

ground that the verdict for the plaintiff was without evidence to support it.

7. The power to grant a new trial upon discretionary grounds not being exhausted by its exercise in a first grant of a new trial (*Taylor* v. *Central Railroad,* 79 *Ga.* 330, 6), a second grant of a new trial will be affirmed where the verdict rendered is not supported by the evidence or where, as in this case, the evidence in support of the same is at best weak and unsatisfactory and contrary to the weight of the evidence. *Davis* v. *Chaplin,* 102 *Ga.* 587 (27 S. E. 726); *Seaboard Air-Line Ry.* v. *Randolph,* 136 *Ga.* 505 (71 S. E. 887); *Stewart* v. *Central of Ga. Ry. Co.,* 3 *Ga. App.* 397 (60 S. E. 1).

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
> DECIDED SEPTEMBER 15, 1923.

Action for damages; from city court of Macon — Judge Gunn. July 3, 1922.

*E. W. Maynard,* for plaintiff.

*Jordan & Moore,* for defendant.