## 14628.   WRIGHT v. CALHOUN NATIONAL BANK.

BELL, J. This case is here upon exceptions to the nonsuit of an action
in trover. Prior to the filing of the suit the plaintiff had been adjudi-
cated a bankrupt. After an adjudication in bankruptcy and before
the appointment of a trustee the bankrupt has sufficient title in the
property theretofore owned by him to authorize the institution and
maintenance of a suit by him to protect the assets of the bankrupt
estate. Until such appointment or election of a trustee the bankrupt
has title,—defeasible, but sufficient to authorize the institution and
maintenance of a suit on any cause of action otherwise possessed' by
him. 2 Collier on Bankruptcy (13th ed., 1923), p. 1636, § 70; Johnson
v. Collier, 222 U. S. 538 (56 L. ed. 306). But "the trustee of the
estate of a bankrupt, upon his appointment and qualification, and his
successor or successors, if he shall have one or more, upon his or their
appointment and qualification, shall in turn be vested by operation of
law with the title of the bankrupt as of the date he was adjudged a
bankrupt, except in so far as it is to property which is exempt." Bank-
ruptcy act of 1898, § 70; 2 Collier on Bankruptcy (13th ed., 1923),
1626. It is conclusively to be inferred from the plaintiff's evidence
that the property for which the action in trover was brought had
been acquired by him prior to his adjudication as a bankrupt. It fol-
lows that the right to sue for its conversion, unless it was exempt, was
in the trustee, if a trustee was appointed and qualified before the suit
was brought. The evidence upon the trial was silent as to whether a
trustee had been appointed or not, but, it appearing from the plain-
tiff's evidence that he was adjudicated a bankrupt several months
before the present suit was filed, and that there were assets to be

administered, even if only those sued for, the presumption would be that a trustee was duly elected and qualified before the suit was filed; and there being no proof that the property sued for had been set aside to the plaintiff as a homestead or exemption, the right to sue was prima facie in such trustee and not in the bankrupt. See Bankruptcy act of 1898, §§ 44, 55, 70; 2 Collier on Bankruptcy (13th ed., 1923), pp. 1015, 1099, 1634, 1635, 1641, 1818; *Wright* v. *Ehrlich*, 146 *Ga.* 400 (1) (91 S. E. 412). Applying the foregoing principles to the evidence, the proof did not show that the plaintiff had title or the right to sue for the property at the time his action was brought, and the nonsuit was proper.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 10, 1923.

Complaint; from Gordon superior court—Judge Tarver. February 27, 1923.

*M. B. Eubanks,* for plaintiff.

*J. G. B. Erwin,* for defendant.