## 15222.   HUTCHINSON *v.* DOBBINS.

It appearing that before the defendant's counterclaim was filed he was adjudicated a bankrupt, and there being a presumption, in the absence of anything to the contrary in the record, that there was a trustee in bankruptcy in whom title to the defendant's assets was vested, and it not appearing that the subject-matter of the counterclaim was included in any exemption set apart to the bankrupt, the right to sue upon the counterclaim was prima facie in such a trustee, and not in the defendant. It follows that the dismissal of a certiorari sued out to review a judgment

against the defendant, which he settled, was not prejudicial error as against his attorneys, who, under an agreement for fees contingent on a recovery upon the counterclaim, contended that, notwithstanding the settlement by their client, they had the right to prosecute the certiorari, in order to recover their fees.

DECIDED APRIL 24, 1924.

Certiorari; from Fulton superior court—Judge Humphries. November 8, 1923.

*F. W. Flint, W. I. Heyward,* for plaintiff in error.

*R. R. Jackson, C. E. Moore,* contra.

BELL, J. In this action, which originated in the municipal court of Atlanta, the defendant was sued for $60. He denied all liability and sought to recover of the plaintiff in the sum of $46 upon a counterclaim. The defendant's plea, in so far as it amounted to a cross-action, was stricken on demurrer, and upon the trial a judgment for $50 was rendered in favor of the plaintiff. The defendant's attorneys thereupon presented to the judge of the superior court a petition for certiorari, complaining of these rulings and judgments, which petition was duly sanctioned. The certiorari was dismissed by the judge of the superior court at the hearing thereon, upon the ground that it appeared in the amended answer of the judge of the municipal court that the defendant (the petitioner in certiorari), as shown by the record in that court, had settled the judgment which the plaintiff (the defendant in certiorari) had recovered against him, as stated above. The judgment of dismissal was rendered over the objection of the attorneys for the petitioner in certiorari, who at the time showed that they had been employed to defend the original action and to prosecute the cross-action under an agreement by the terms of which they were to have as their fee, in case they successfully defended the main action, whatever sum the defendant might recover in the cross-action. Contending that upon these facts shown the court erred in dismissing the petition for certiorari, notwithstanding the settlement by their client, they brought in his name a bill of exceptions, assigning error upon such dismissal.

It appears in the record that the counterclaim was based upon alleged overpayments to the extent of $46 made by the defendant to the plaintiff in redemption of a sale of salary, and that all the transactions involved in the litigation arose prior to June 12, 1922. It further appears that the defendant, upon his voluntary

petition, was adjudicated a bankrupt on August 30, 1922. The record is silent as to whether a trustee was appointed or not. It does not appear what property, if any, was set aside to the defendant as a homestead or exemption. The plaintiff's action was filed on March 24, 1923, and the answer was filed in May thereafter.

1. Under section 70 of the bankruptcy act of 1898, the assets of the bankrupt to which the title vests in the trustee upon adjudication, if a trustee is appointed, "except in so far as it is to property which is exempt," includes all "rights of action arising upon contracts, or from the unlawful taking or detention of or injury to the [bankrupt's] property." See *Commercial Bank of Augusta* v. *Warthen,* 119 *Ga.* 990 (3) (47 S. E. 536).

2. It is provided by § 55 of the bankruptcy act that the court shall cause the first meeting of the creditors of the bankrupt to be held not less than ten nor more than thirty days after the adjudication, and by § 44 that a trustee shall be elected at the first meeting of creditors after adjudication. In the absence of proof to the contrary, the law presumes done that which ought to have been done, and while a trustee may not be appointed if there are no assets to be administered, it appears that the bankrupt was not without assets, even if none other than the cause of action alleged in his counterclaim to the present action. There is, therefore, in the absence of anything shown to the contrary, a presumption that a trustee was duly elected and qualified before the filing of the answer and counterclaim in this case in 1923; and it not appearing that the cause of action therein alleged had been set apart to the bankrupt as an exemption, the right to sue was prima facie in such trustee and not in the bankrupt. *Wright* v. *Calhoun National Bank,* 31 *Ga. App.* 434 (120 S. E. 795). Assuming that there would be a presumption that the bankrupt claimed what was for his benefit,—that is, an exemption,—there could be no presumption that the subject-matter of the present counterclaim or any other particular property—the record not showing the value of his assets—was so set apart. Thus, upon the record as it stands, the defendant was not entitled to recover upon the counterclaim, and no right of his attorneys was lost by the dismissal of the certiorari, their contingent interest in fees being confined solely to such sum as might be recovered against the plaintiff.

3. Irrespective of other questions involved in the writ of error, it being undisputed that the judgment on the main action, as between the parties, had been settled, and it appearing, as a matter of law, that no recovery could lawfully be had on the cross-action, whether for the benefit of the defendant's attorneys or otherwise, there is no reason to reverse the judgment dismissing the certiorari. Even assuming that such judgment was irregular, no injury was done to the plaintiff in error or his attorneys. *Atlanta Railway & Power Co.* v. *Owens,* 119 *Ga.* 833 (1) (47 S. E. 213); *Holbert* v. *Allred,* 24 *Ga. App.* 727 (4) (102 S. E. 192); compare *Morrison* v. *Green,* 96 *Ga.* 754 (23 S. E. 845).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*