15645.   MANER, for use, etc., *v.* CLARK-STEWART COMPANY.

JENKINS, P. J.   1.   "A trustee in bankruptcy may, but need not, intervene as plaintiff in a suit brought by the bankrupt before the adjudication in bankruptcy. If no trustee is appointed, or if the bankrupt court does not consider it to the interest of the estate to permit the trustee to prosecute the suit previously brought by the bankrupt, the action does not thereby abate, nor is the bankrupt's debtor discharged from liability pending the action. . . If the failure to elect or appoint a trustee in bankruptcy in any way injured the rights of creditors, it did not discharge the bankrupt's debtor." *Griffin* v. *Mutual Life Ins. Co.*, 119 *Ga.* 664 (1, 2, 5) (46 S. E. 870).   "After an adjudication in bankruptcy and before the appointment of a trustee the bankrupt has sufficient title in the property theretofore owned by him to authorize the institution and maintenance of a suit by him to protect the assets of the bankrupt estate. Until such appointment or election of a trustee the bankrupt has title,—defeasible, but sufficient to authorize the institution and maintenance of a suit on any cause of action otherwise possessed by him" (*Wright* v. *Calhoun Nat. Bank*, 31 *Ga. App.* 434, 120 S. E. 795), and this is true despite the fact that the trustee after appointment and qualification is vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt, except as relates to

property which is exempt. U. S. Bkr. Act, § 70 (a) ; 2 Collier on Bank-ruptcy (13th ed.), 1638, 1639, 1721. Where the record is silent, upon proof of adjudication in bankruptcy several months previous, "and that there were assets to be administered," it will be presumed "that a trustee was duly elected and qualified" (*Wright* v. *Calhoun Nat. Bank*, supra) ; but where the record shows that there were no assets for a trustee to administer, this court will not act upon such a presumption. In the instant case an amendment was offered and filed, without any exception thereto, whereby the plaintiff bankrupt continued the suit "for the use of" another. The defendant thereupon pleaded that the adjudication in bankruptcy of the plaintiff had divested the title of the plaintiff, that his petition setting up that he had no assets was false, and that it "would be a fraud on the creditors" of the plaintiff to allow a recovery. In the trial a written assignment of the chose in action sued on to the usee named in the amendment, dated on the same day that the voluntary petition in bankruptcy was filed, was offered. Actual delivery of this paper to the assignee was not proved otherwise than by showing its delivery to the plaintiff's attorney; but an oral assignment of the claim some time previous to the bankruptcy was shown without dispute. Under the above rulings, and these facts showing that the assignee held at least an equitable if not a legal assign-ment, and the amendment making such assignee a party having been made without exception, it can not be said that he did not have such a title or right as usee as would entitle him to maintain the suit as against the defendant.

2. "Where the plaintiff bases his right to recover upon an express con-tract which is entire and indivisible, he can not recover unless he has performed all his obligations under the contract." *Macon Union Co-operative Asso.* v. *Chance*, 21 *Ga. App.* 636 (3) (122 S. E. 66) ; *Dolan* v. *Lifsey*, 19 *Ga. App.* 518 (5) (91 S. E. 913).

3. After the first trial of this case in the municipal court, where a verdict was rendered for the plaintiff, the superior court, on certiorari, reversed the judgment and granted a new trial. This court, in affirm-ing the judgment of the superior court, held: "Where a contract provides that a job shall be done by the use of specified materials, the owner for whom the work is to be done and the material is to be used is entitled to stand upon the express terms of the agreement; and the fact that other and different materials, which were to some extent substituted, may be shown to have been just as good as those specified by the contract, or that it was usual and customary to thus make use of such other materials in good and workmanlike jobs of similar kind, would not be sufficient to show a substantial compliance with the terms of the contract." *Maner* v. *Clark-Stewart Co.*, 27 *Ga. App.* 553 (2) (109 S. E. 178). On a retrial in the municipal court a verdict was again rendered for the plaintiff; and the superior court again sustained the defendant's certiorari and granted a new trial. The evidence was in substance the same as on the previous trial, with the exception of some additional proof for the plaintiff, not tending to show by any stronger evidence that the terms of the contract as made had been substantially complied with, but showing the quality and durableness of the work as actually done. As stated by counsel for the plaintiff in the briefs, "the

only new feature of the case is the change of the parties thereto." A verdict for the defendant being demanded under the previous ruling, which, as respecting this point, has become the law of the case, it is unnecessary to define just what discretionary powers a superior court has in granting a second new trial on certiorari, where the evidence is merely conflicting and a question of law is not involved, after two successive verdicts have been rendered in favor of the opposite party. However, see in this connection: Civil Code (1910), §§ 6204, 6082, and rulings cited in notes, Park's Code and Supp.; *Loudermilk* v. *Stephens*, 126 *Ga.* 782 (2), 784 (55 S. E. 956); *Hartis* v. *Central of Ga. Ry. Co.*, 30 *Ga. App.* 720 (6, 7) (119 S. E. 349); *Morgan* v. *Lamb*, 16 *Ga. App.* 484 (1), 492 (85 S. E. 792); *Miller* v. *Cen. of Ga. Ry. Co.*, 16 *Ga. App.* 855 (2), 858 (dissent) (87 S. E. 303); *James* v. *John Flannery Co.*, 6 *Ga. App.* 811 (2), 816 (66 S. E. 153); *Merchants & Miners Transp. Co.* v. *Corcoran*, 4 *Ga. App.* 654 (2, 3), 659-661 (62 S. E. 130); *Scribner* v. *Mutual Bldg. Co.*, 1 *Ga. App.* 527 (2), 528 (58 S. E. 240).

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 11, 1925. REHEARING DENIED FEBRUARY 25, 1925.

Certiorari; from Fulton superior court—Judge Bell. May 3, 1924.

*Lawton Nalley,* for plaintiff.
*Madison Richardson,* for defendant.