20647.    CREDIT CLEARING HOUSE ADJUSTMENT CORPORATION, for use, etc. *v.* STANFIELD.

BELL, J.    1. "The power of the superior courts [and city courts] to grant new trials, being expressly conferred by statute, as well as arising from common-law principles, is not limited by any absolute and invariable rule as to the number of times of its allowable exercise, but the presumption of the legality of such grant, generally speaking, weakens upon each concurrent verdict." *Taylor* v. *Central R. Co.,* 79 *Ga.* 330 (6) (5 S. E. 114); *Stewart* v. *Central of Georgia Ry. Co.,* 3 *Ga. App.* 397 (60 S. E. 1).

2. "After one such grant, a subsequent grant on account of alleged conflict between the evidence and the verdict will be closely examined to see that the discretion of the court below has been justly and wisely exercised, in view of the peculiar issues and facts of each case, and having due regard to the general consideration of the fitness of juries to ascertain facts and of the necessity that there must be some end to litigation." *Vassie* v. *Central of Georgia Ry. Co.,* 135 *Ga.* 8 (2) (68 S. E. 782).

3. Under the evidence in the present case there was no abuse of discretion in granting a second new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 19, 1931.

*H. H. Elders, John P. Rabun,* for plaintiff.
*P. M. Anderson,* for defendant.