21422.   GLEDHILL *v.* BROWN *et al.*

Decided February 11, 1932.

*L. D. Moore, R. D. Feagin,* for plaintiff.

*W. D. Aultman,* for defendants.

JENKINS, P. J. This was a suit on a promissory note. The defendants admitted the execution of the note and assumed the burden of proof. They pleaded, by way of affirmative defense, that the note had been paid in full by the performance of certain services for the plaintiff in sawing and hauling lumber, and by the plaintiff's having cut from the premises of the defendants sufficient timber, at the price agreed on in the contract for the sale of the timber, to cover the amount due on the note. They further pleaded that there had been an accord and satisfaction between the parties, in that, in the year 1923, after the execution of the timber-sale contract in the year 1917, the plaintiff agreed to accept the timber then remaining uncut on the premises, in full settlement of the obligation sued on, and that this agreement was fully executed by the plaintiff's cutting and removing the timber. It appears from the record that there had been two previous trials, each resulting in a verdict for the defendants, and that in each instance the trial judge granted a new trial on the motion of the plaintiff. The jury for the third time found for the defendants, and the plaintiff excepts to the order overruling his motion for a new trial.

"New trials can be granted by the superior and city courts only." Civil Code (1910), § 6078. A judge of the superior court *may* grant a new trial "in any case where the verdict of a jury is found contrary to evidence and the principles of justice and equity" (Civil Code, § 6082), and *may* "exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of evidence." Civil Code, § 6087. The appellate courts are not vested with discretion in this regard as are the judges of the trial courts. When a case comes before the appellate court after the refusal of a new trial by the judge of the superior court, "it comes not only with the presumption in favor of the verdict of the jury, but also stamped with the approval of the presiding judge, after a consideration of the evidence and the verdict and the use of the discretionary power of review which the law confides in him as a right, and imposes upon him as a duty" (*Southern Ry. Co.* v. *Brock,* 132 *Ga.* 858, 862, 64 S. E. 1083), and in considering a case in which the verdict of the

jury has the approval of the trial judge, as has been repeatedly held, the appellate court is without power to set the verdict aside on the general grounds upon which the trial judge, in the exercise of the discretion vested in him, might have set it aside. This court was established to correct errors of law, and can only set a verdict aside, on evidentiary grounds, as being contrary to law in that it lacks any evidence by which it could be supported. Thus, it is the rule that the first grant of a new trial to either party will never be reversed by the appellate courts unless the verdict set aside by the trial judge was absolutely demanded. Consequently, while an adjudication by the appellate court that a verdict, as a matter of law, is without evidence to support it is conclusive that upon the evidence then adduced the party in whose favor the verdict was returned was not entitled to prevail, so that upon a subsequent trial a verdict in favor of the same party and upon the same evidence would not be authorized or allowed to stand (*Stark* v. *Cummings,* 132 *Ga.* 346, 63 S. E. 857) ; a judgment of the trial court granting a new trial, if it adjudicates anything more than that the judge, in the exercise of the discretion vested in him by law is unwilling to approve the verdict found by the jury, adjudicates only that the verdict found by the jury was not demanded as a matter of law. It follows that such a judgment by the trial court could not have the effect of determining that a contrary finding was demanded, or that the winning party would not, as a matter of law, be entitled to prevail upon a subsequent trial where the evidence was the same. *Stone* v. *Elder,* 42 *Ga. App.* 508 (159 S. E. 777). Accordingly, the third verdict in favor of the defendants in the instant case, where the discretionary powers of the trial judge had become diminished (*Miller* v. *Central of Ga. Ry. Co.,* 16 *Ga. App.* 855, 858, 87 S. E. 303), which has his unqualified approval, can not be set aside upon the general grounds of the motion for a new trial, upon the theory that the two previous grants of a new trial upon evidence alleged to be substantially the same (which former evidence, however, is not before this court), amounted to an adjudication that a verdict in favor of the defendants upon such evidence would, as a matter of law, be contrary to the weight of the evidence, or without evidence to support it. See, in this connection, *Taylor* v. *Central R. Co.,* 79 *Ga.* 330 (5 S. E. 114); *Stewart* v. *Central of Ga. Ry. Co.,* 3 *Ga. App.* 397 (60 S. E. 1) ; *Credit Clearing House Corp.* v. *Stanfield,* 42 *Ga. App.* 562 (156 S. E. 708).

■ Where a contract was entered into between the beneficial owner of land and a person who held a deed to the land, given by the owner to secure a debt owing to that person, whereby the owner sold to that person "all the pine timber growing upon" the premises described in the security deed and of a stipulated size, at a specified price per thousand feet for "lumber manufactured from timber cut from said land," the contract providing that the price of the timber cut should be "credited as a payment upon said note at the maturity thereof," and that the security deed, the note thereby secured, and the contract for the sale and cutting of the timber, all bearing the same date, constituted one transaction, no time within which the purchaser of the timber should remove the same being stipulated in the instrument, whether the contract should be construed as conveying the absolute title to the timber, or as merely conferring upon the purchaser a license to cut and remove the timber, the timber involved consisted only of that of the size specified then growing on the premises, and it was incumbent upon the purchaser to cut and remove the timber within a reasonable time from the date of the instrument. *McRae* v. *Stilwell*, 111 *Ga.* 65 (36 S. E. 604, 55 L. R. A. 513) ; *Goette* v. *Lane*, 111 *Ga.* 400 (36 S. E. 758) ; *Shippen Lumber Co.* v. *Gates*, 136 *Ga.* 37 (70 S. E. 672) ; *Harrell* v. *Williams*, 159 *Ga.* 230, 235 (125 S. E. 452). What would be a reasonable time for so doing was a question of fact to be determined in the light of all the facts and circumstances of the transaction. *Shippen Lumber Co.* v. *Gates*, and *Harrell* v. *Williams*, supra. Accordingly, the court did not err in submitting to the jury, for determination as a question of fact, the question as to what period of time would constitute a reasonable time for the removal of the timber by the purchaser.

■ "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties ; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." Civil Code (1910), § 4326. Generally it is essential to the sustaining of an agreement in accord and satisfaction, whereby an entire debt or disputed claim is to be satisfied by the giving of a less sum than that claimed and nothing more,

that a bona fide dispute or controversy exist between the parties. This rule does not apply where the damages are unliquidated, or where there is an agreement in accord and satisfaction of a liquidated claim by the giving and acceptance of a smaller sum and some additional consideration, such as new security, payment of debt before due, or payment by a third person, or where property or personal services are accepted in satisfaction. Thus, in the one case the settlement of a bona fide dispute or controversy affords a consideration to the creditor for his agreement in accord and satisfaction; and in the other case, where no such bona fide dispute or controversy exists, the taking of new security, collection of debt before due, payment by a third person, or the receipt of property or personal services in accord and satisfaction, affords a consideration to the creditor for his agreement in accord and satisfaction. *Burgamy* v. *Holton,* 165 *Ga.* 384 (3), 394 (141 S. E. 42) ; *Molyneaux* v. *Collier,* 13 *Ga.* 406; *Evans* v. *Pollock,* 1 *Ga. Dec. Part* 1, 33. In the instant case, where the defendants were indebted to the plaintiff on a promissory note secured by a deed to land, and the plaintiff held a contract as set forth in the second division of the decision, whereby the defendants sold to the plaintiff the saw-timber on the premises, with the stipulation that the price agreed upon for the timber cut and sawed should be credited on the note, an agreement entered into between the parties after the expiration of a reasonable time for cutting and removing the timber, but when the parties were in dispute as to whether the time had expired, and subsequent to the time at which the purchase-price of the timber was to be credited on the note, whereby the plaintiff agreed to surrender the note and security deed on condition that the defendants would· permit him to cut and remove the saw-timber then remaining on the land, would amount to a valid and enforceable agreement in accord and satisfaction, either upon the theory that a bona fide dispute existed between the parties as to whether the right of the plaintiff to remove the timber had expired, or on the theory that the holder of the obligation had accepted property which he was not otherwise entitled to receive. The court did not err, therefore, in submitting to the jury the defendants' contentions that there had been an accord and satisfaction of the indebtedness sued on.

■ The instruction of the court, in concluding the charge to the jury, that "if you do not think the plaintiff is entitled to recover

under all these theories, the form of your verdict would be, we, the jury, find for the defendants," could not reasonably have misled the jury into believing that the plaintiff could not prevail unless he had carried the burden of proof upon each of the defenses pleaded by the defendants, since the court had previously instructed the jury that the defendants had admitted the execution of the note sued on, and had admitted the indebtedness thereon, and that the burden rested upon the defendants to establish by a preponderance of the evidence the affirmative defenses pleaded.

The evidence, while in sharp conflict, authorized the finding of the jury in favor of the defendants, and for no reason assigned can it be here set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*