21820. SMITH *v.* STATE MUTUAL LIFE INSURANCE COMPANY.

JENKINS, P. J. This is the second appearance of this case before this court. When here before, the judgment of the trial court granting a nonsuit was reversed. *Smith* v. *State Mutual Life Ins. Co.*, 40 *Ga. App.* 747 (151 S. E. 554). The case was subsequently tried, and a verdict in favor of the plaintiff for $5,000 was returned. The trial judge granted a new trial upon the motion of the defendant. Another trial resulted in a verdict in favor of the plaintiff for the same amount, and the trial judge again granted a new trial upon the motion of the defendant. The plaintiff now excepts to the second grant of a new trial, upon the ground that "the same, being the second grant of a new trial, was contrary to law, and that said order and judgment of the court allowing and granting said new trial in said case, being contrary to law, was erroneous and a new trial should not have been granted in said case." *Held:*

1. The power of the superior courts to grant new trials is expressly conferred by statute, and is not limited by any absolute and invariable rule as to the number of times it may be exercised, although the presumption of the legality of such grant, generally speaking, weakens upon each concurrent verdict. *Taylor* v. *Central R. Co.*, 79 *Ga.* 330 (5 S. E. 114) ; *Stewart* v. *Central of Ga. Ry. Co.*, 3 *Ga. App.* 397 (60 S. E. 1). After one grant of a new trial, a subsequent grant upon the discretionary grounds will be closely examined to see that the discretion of the court below has been justly and wisely exercised, in view of the facts of the particular case, and with "due regard to the general consideration of the fitness of juries to ascertain facts and of the necessity that there must be some end to litigation." *Vassie* v. *Central of Ga. Ry. Co.*, 135 *Ga.* 8 (2) (68 S. E. 782) ; *Credit Clearing House Adjustment Cor.* v. *Stanfield*, 42 *Ga. App.* 562 (156 S. E. 708) ; *Morgan* v. *Lamb*, 16 *Ga. App.* 484 (85 S. E. 792) ; *Richie* v. *Louisville & Nashville R. Co.*, 23 *Ga. App.* 741 (99 S. E. 309) ; *Jones* v. *Stapler*, 24 *Ga. App.* 671 (102 S. E. 34).

2. The testimony in the instant case was in sharp conflict as to the nature, character, and extent of the injuries of the plaintiff, and as to whether the impaired physical condition of the plaintiff at the time of the trial resulted from the injury alleged to have been received upon the premises of the defendant landlord, or from some preexisting condition or injury. According to testimony on behalf of the defendant from its official who rented the premises to the employer of the plaintiff, the platform upon which the plaintiff was injured, and on account of the defective condition of which negligence is alleged, was expressly excluded from the rental agreement. This testimony was not contradicted by any testimony on behalf of the plaintiff, another employee of the defendant, who testified by depositions for the plaintiff, testifying merely that he did not "recall any conversation [in which the verbal rental agreement was made] sufficiently to make definite answer as to whether any mention was specifically made of the platform in the rear." In view of this testimony, and in view of the amount of the recovery, under the principles stated in the foregoing division of the syllabus it can not be said

that the trial judge abused his discretion in granting a second new trial upon the motion of the defendant.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 29, 1932. REHEARING DENIED SEPTEMBER 26, 1932.

*O. C. Hancock, Wright & Covington,* for plaintiff.

*Maddox, Matthews & Owens,* for defendant.