25588. ALLEN *v.* SOUTHERN INSURANCE SECURITIES CORPORATION.

Decided September 28, 1936.

William G. McRae, for plaintiff.

Ellis L. Cone, Jones, Fuller & Clapp, for defendant.

Jenkins, P. J. 1. The power of the trial court to grant a new trial is not limited by any absolute and invariable rule as to the number of times it may be exercised, although the presumption of the legality of such grant weakens upon each concurrent verdict. After one grant of a new trial, a subsequent grant on the discretionary grounds will be closely examined to see that the discretion of the court below has been justly and wisely exercised, in view of the facts of the particular case, and with due regard to the general consideration of the superior opportunity of juries to ascertain facts and of the necessity that there must be some end to litigation. *Taylor* v. *Central R. Co.,* 79 *Ga.* 330 (5 S. E. 114); *Vassie* v. *Central of Ga. Ry. Co.,* 135 *Ga.* 8 (2) (68 S. E. 782); *Smith* v. *State Mutual Life Ins. Co.,* 45 *Ga. App.* 633 (165 S. E. 896); *Credit Clearing-House Adjustment Cor.* v. *Stanfield,* 42 *Ga. App.* 562 (156 S. E. 708); *Richie* v. *L. & N. R. Co.,* 23 *Ga. App.* 741 (99 S. E. 309); and cit. A second grant of a new trial will be affirmed, not only where the verdict rendered was not supported by evidence, but where the supporting evidence "was at best weak and unsatisfactory, and the decided preponderance of the testimony was on the side of the losing party." *Davis* v. *Chaplin,* 102 *Ga.* 587 (27 S. E. 726). It should be "palpably apparent, from the entire evidence, that the verdict was strongly and decidedly against the weight of the evidence and manifestly wrong." *Dethrage* v. *Rome,* 125 *Ga.* 802 (54 S. E. 654); *Seaboard Air-Line Ry.* v. *Randolph,* 136 *Ga.* 505 (2), 508 (71 S. E. 887); *Hartis* v. *Central of Ga. Ry. Co.,* 30 *Ga. App.* 720 (7) (119 S. E. 349). However, in determining whether the judge abused

the limited discretion with which he was still vested to grant a new trial because the verdict was "strongly and decidedly against the weight of the evidence," the appellate court will be mindful that "the judge presiding below is justly recognized as enjoying superior advantages for insight into the causes which control juries, and for estimating the value of testimony adduced before him, [over those which] the appellate court can have," and therefore "a serious deference is . . exercised by the reviewing court towards the lower one." *Taylor* v. *Central R. Co.*, supra; *Salter* v. *Glenn*, 42 *Ga.* 64, 79. The trial judge being best able to determine where the "decided preponderance" lay, his judgment on the second grant of a new trial will not be disturbed on the merely mathematical contention that the greater or an equal number of witnesses testified for the successful party, unless the opposing testimony was manifestly weak and unsatisfactory. See *Smith* v. *State Mutual Life Ins. Co.*, supra.

2. In the instant grant of a second new trial, the issue, upon a traverse by the plaintiff of the garnishee's answer, was whether the garnishee corporation was indebted to the defendants as partners, for commissions on sales of its stock. The garnishee contended that the defendants had been paid all due commissions; that the sales on which commissions were claimed by the defendants were made through others before or after the sales agency contract; and that any right to commissions was forfeited by the conduct of one of the partners in failing to account properly to the corporation for funds received from stock subscriptions, and properly to discharge the duties of the agency contract. As to the first contention, the testimony of one of the defendants supported the claim of the plaintiff that the commissions in question were earned and remained due under the contract. However, the testimony of two officers of the garnishee, called as witnesses for the plaintiff, as well as the dates on a joint stock subscription and on other subscriptions, the first before and the others after the agency contract, strongly disputed the existence of any indebtedness. As to the second contention, relative to the conduct of one of the partners, the evidence strongly preponderated, if it did not demand a finding, in favor of the contention of the garnishee, under the rule that an agent must exercise loyalty and absolute good faith toward his principal, and if he has violated this implied

contract he forfeits his right to commission. Code, §§ 4-205, 4-211, 4-212, 37-707; *Williams* v. *Moore-Gaunt Co.*, 3 *Ga. App.* 756, 759 (60 S. E. 372), and cit. For these reasons, it can not be held that the court abused its discretion in granting a new trial, after the second verdict in favor of the plaintiff against the garnishee. The superior court did not err in overruling the certiorari.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*