### 27174. COLLIER *v.* CASEY.

*H. A. Allen,* for plaintiff in error.

*Gavin D. McKay, Edward T. Hughes, Oliver S. Jacobson,* contra.

MACINTYRE, J.   On March 1, 1922, C. E. Casey, the plaintiff, loaned the defendant, Ellanora Collier, his sister-in-law, $1800. The defendant executed to him a loan deed on certain real estate. This loan was evidenced by a note for $1800 bearing interest at seven per cent. per annum, with interest payable semi-annually. From 1922 to 1930 the defendant paid only $120 as principal or interest.   On March 10, 1937, a new agreement was entered into between the parties whereby Casey surrendered and canceled the deed securing the debt and also the original note and interest coupons thereon, and accepted in lieu thereof, on the same date, a series of ninety notes for $20 each, payable monthly without interest. Time was made the essence of the new contract.   The defendant, paid five of these new notes and then defaulted in payment, and the plaintiff declared the remainder of the notes due and sued the defendant for $1700.   The defendant admitted executing the notes and assumed the burden of proof.   She pleaded that the notes sued on were without consideration, that she was forced by the plaintiff to execute them because plaintiff held the deed against her property, which was a second mortgage thereon, and that in order to refinance the first mortgage it was necessary to have this conveyance held by Casey canceled and surrendered.   She says further that in October, 1930, the plaintiff came to board with her, and boarded in her home until June, 1937, that a reasonable value of such board was $40 per month, that plaintiff had never paid her anything for such board, that her debt to him and his debt to her constituted running accounts between them, that his debt to her more than paid the full amount of said note to him, but when said note had been paid in full the plaintiff refused to surrender it to the defendant, and also refused to cancel the loan deed from the record, but continued to hold the same.   That, at the time she signed the series of notes for the principal sum she was not indebted to plaintiff in any sum, and that she received no considera-

tion for said note. The defendant testified that as far back as December, 1936, she had told him that he owed her for board in an amount which was more than she owed him, and he said that he did not owe her anything. "He [plaintiff] contended all the time that he didn't owe me anything; but in order to get straightened out I executed the ninety notes and gave them in order to get the deed canceled." At the conclusion of the evidence the plaintiff made a motion for a directed verdict which was granted in the sum of $1700 and the defendant excepted.

We may say in advance that the contract entered into March 10, 1937, was a novation of the original contract of March 1, 1922. Code, § 103-202, declares: "Any change in the nature or terms of a contract is called a novation." Code, § 20-1201, declares: "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." Code, § 20-1205, provides: "A compromise or mutual accord and satisfaction is binding on both parties." It will be noted that the original note for $1800 contained an interest rate of seven per cent. per annum, and had been running approximately fifteen years, and on it only two payments had been made in the total amount of $120. The amount due, under the terms of the original note, was almost twice its face. The defendant contended that the plaintiff owed her an amount for board and lodging sufficient to cancel the entire indebtedness. She further testified that, with full knowledge of this contention on her part, the plaintiff had refused to cancel and surrender his note and the security thereon, but that they finally did agree that the security should be surrendered and canceled, and, further, that the original indebtedness should be renewed and ninety notes for $20 each, without interest, should be executed, and that whatever interest had accumulated on the original note for $1800 was wiped out in the new settlement. It will be seen that the renewal notes were for less than the original note and that they were unsecured, whereas the original note was secured; also that the new notes bore no interest whereas the original note had borne interest at seven per

cent. per annum. It appears that this agreement was fully executed.

In the case of *Piper* v. *Wade*, 57 *Ga.* 224, it is said, "A new note for a less sum than the old note, given in renewal thereof, is presumptive evidence that all differences between the parties were adjusted and settled when such new note was given." In *Sutton* v. *Hurley*, 12 *Ga. App.* 312 (77 S. E. 218), it is said, "Generally, the execution of a promissory note is prima facie evidence of the full settlement of all accounts up to the date of the note. A compromise, or mutual accord and satisfaction, is binding on both parties." See Code, § 20-1205. Irrespective of the amounts that might have been due by the plaintiff to the defendant and by the defendant to the plaintiff on the date of the execution of the new contract, it appears without contradiction from the defendant's own testimony, that the contract was entered into. This court will not disturb the same. It is true that the presumption that the new note settled all differences between the parties may be rebutted, but as was said in headnote 2 of the *Piper* case, supra, "it must be upon clear and satisfactory evidence that both parties agreed and intended that the settlement made when the new note was given, was not final, and that any defense which could have been made to the old note, might still be made to the new one," for where each of two persons relinquishes a claim against the other, or each discontinues an action against the other, there is a mutual accord and satisfaction effected regardless of the respective amounts involved, and this bars any further recourse on the part of either as to such claims. After that, any rights of the parties must be based on the new agreement. 1 C. J. S., 492, § 23; *Gledhill* v. *Brown*, 44 *Ga. App.* 670 (3) (162 S. E. 824). It is apparent in this case from the testimony of the defendant herself that no such reservations as to old defenses were in the minds of the parties at the time of the execution of the new note. Such being true, a verdict for the plaintiff was demanded, and the court did not err in directing it.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*