35901. REESE *v.* BROWN *et al.*

FELTON, C. J. 1. Where the plaintiff has closed his evidence and has failed to make out a prima facie case and the defendant submits no evidence and does not close his case, a nonsuit and not a directed verdict is proper. *McCaskey Cash Register Co.* v. *Bank of Villa Rica,* 58 *Ga. App.* 676 (3) (199 S. E. 828).

2. The action was for damages arising out of a collision between a vehicle owned by the plaintiff and a vehicle owned by the defendant father and operated by the defendant son. The plaintiff testified in part: "Several days after the accident I had a meeting with Mr. Barnie Brown, the owner of the truck and the father of Mr. Freddie Brown, and we talked about a settlement. He suggested that I pay for having my own car repaired and he would pay for having his truck repaired and the whole matter would be dropped. . . I thought it best to settle and drop the matter, so we settled the matter between us. It cost me $100 out of my pocket to have my car repaired. I had a $100 deductible policy and my insurance company paid the difference for having my car repaired. The total cost was $490.33. I am not out of anything, except the $100. At [the] time I settled the matter I had forgotten about my car being insured. . . I am sorry that I settled the matter, but I just didn't think." This evidence is conclusive that the plaintiff and the defendant father had settled all matters concerning the collision. "Where each of two persons relinquishes a claim against the other . . . a mutual accord and satisfaction is effected, regardless of the respective amounts involved, and this bars any further recourse on the part of either as to such claims." *Collier* v. *Casey,* 59 *Ga. App.* 627 (1) (1 S. E. 2d 776). See also 1 C. J. S. 492, § 23. The settlement included any claim of the plaintiff against the defendant son arising out of the collision. *Donaldson* v. *Carmichael,* 102 *Ga.* 40 (29 S. E. 135). The plaintiff failed to make out a case against the defendants. The judgment is affirmed, with direction that the verdict and judgment be set aside and a judgment of nonsuit entered in lieu thereof, and that the defendant in error pay the costs of prosecuting the writ of error. See *McCaskey Cash Register Co.* v. *Bank of Villa Rica,* supra (3).

*Judgment affirmed with direction. Quillian and Nichols, JJ., concur.*

DECIDED NOVEMBER 7, 1955.

*Casey Thigpen,* for plaintiff in error.
*D. E. McMaster, McMillan, Dukes & McMillan,* contra.