Twiggs *et al. vs.* Chambers.

H. D. D. TWIGGS *et al.*, plaintiffs in error, *vs.* JOHN A. CHAMBERS, defendant in error.

If, in an action for property, the fee of plaintiff's attorney be payable, by special contract, out of the proceeds of the suit, the attorney has an inchoate lien upon the property for his fee, as soon as the action is commenced; and the client has no right to defeat such lien by dismissing the action before trial, over the attorney's objection, without first paying the fee.

Attorney and client. Fees. Lien. Before Judge GIBSON. Richmond Superior Court. October Term, 1875.

In February, 1875, Caroline Z. Fogartie employed plaintiffs in error, as her attorneys at law, to bring an action against John A. Chambers for the recovery of a certain valuable trotting stallion and racer known as "Hickory Jack," of which horse she held a bill of sale from the said Chambers. Mrs. Fogartie stated at the time she retained them that she was poor, and consequently unable to pay anything as fees unless a recovery was had. They examined into the case, and becoming satisfied of her right to recover, agreed and contracted with the said Mrs. Fogartie to bring the action, and to receive as compensation for their services a certain percentage, then and there agreed upon, of the sum recovered.

On the 27th day of February, 1875, they, as attorneys of Mrs. Fogartie, brought an action of trover against John A. Chambers, alleging the value of the horse to be $2,000 00,

and his hire $1,000 00, for the recovery of the horse and his hire.

A few weeks prior to the day the case was called, Mrs. Fogartie called upon her said counsel and exhibited great zeal and activity in the prosecution of her suit.

On Tuesday, the 19th of October, 1875, one week before the said case was called, Messrs. McLaws & Ganahl, attorneys of John A. Chambers, handed a communication to plaintiffs in error, which communication was transmitted through the said Chambers, and which was in his custody and control, of which the following is a copy :

"SAVANNAH, GEORGIA, October 18th, 1875.
" *Messrs. Picquet & Twiggs :*

"GENTLEMEN—You will please have the case relative to horse 'Hickory Jack' dismissed, and permit Mr. Chambers to have the horse, as I will not appear at court. You will please send me your bill of costs. Be as reasonable as possible, as I am sick and worried.

"Very respectfully,    CAROLINE Z. FOGARTIE.
" Witness : ISAAC RUSSELL, J. P. C. C., Georgia."

When the above letter was handed to them they declined to dismiss the case, and notified counsel for Chambers that they would prosecute the same for the collection of their fees.

When the case was called, counsel for Chambers moved to dismiss the same on the ground that the plaintiff, Mrs. Fogartie, *had instructed her counsel* by the said communication in writing above set forth, to dismiss said case, which communication was read to the court.

This motion was resisted by the plaintiffs in error on the ground that Mrs. Fogartie, their client, had no *right to dismiss* said case, so as to defeat the collection of their fees; and they insisted on their legal right to proceed with the case for the purpose of asserting and recovering their fees, and in support of this position they submitted to the court the contract entered into with Mrs. Fogartie, and the facts already set forth, which were not controverted by counsel for Chambers.

Plaintiffs in error also stated in their places, as attorneys at law, which statement was not denied or controverted, that they would show by the testimony of Mrs. Fogartie that Chambers had notice of the contract made by her with plaintiffs in error, and that he, by his superior influence over her mind, induced her to settle the case in defiance of the rights of her counsel, and without the payment of one cent by him to her.

It was also made to appear to the court that Mrs. Fogartie, by reason of her poverty, was unable to pay any fees to her counsel, and unless the case was ordered to proceed the latter would lose the whole of the same.

The court sustained the motion, and plaintiffs in error excepted. ˙

BARNES & CUMMING, for plaintiffs in error.

JOSEPH GANAHL, for defendant.

BLECKLEY, Judge.

" Upon *all suits* for the recovery of real or personal property, and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien on the property recovered," etc. : Code, section 1989. The lien *on the property* is not perfect until after recovery ; but there is a lien on the suit which is perfect at once, and the lien on the property is inchoate. Especially is this so when, as in the present case, there is a special contract for the payment of the attoney's fee out of the proceeds of the suit.

Notwithstanding some incompleteness in the expression, it appears to us to have been the purpose and intention of the legislature to give a lien upon the suit and the judgment, and not alone upon the property ; but if it were otherwise, an engagement that the attorney shall be paid out of the proceeds of the suit is a promise that the lien may be perfected on the property if it can be done by a recovery. To employ an attorney to sue for property under such a contract, is in the na-

ture of a power with an interest, and such a power is irrevocable: Code, section 2183. The undertaking that the fee shall be paid out of the recovery is, again, in the nature of an equitable assignment of an interest in the recovery : 4 Cow., 416 ; 15 Johns., 405. Here the recovery might have been directly in money. The action was for personal property and its hire. It was brought in the short form. In such a suit the plaintiff could elect to take a verdict for money : Code, sections 3390, 3564.

It seems from the record that the plaintiff sent written instructions to her attorneys to dismiss the action, and that they declined to do so, without payment of their fee. We think their objection was good, according to the showing they made as cause for the objection. As the matter was presented to the court, it was a question between the plaintiff and her attorneys alone. The defendant had no interest in it. It did not appear that the case had been settled, or that he had paid anything to have it dismissed. Besides, the plaintiff's attorneys alleged that they could establish the fact that the defendant had notice of their contract with the plaintiff: See Code of 1868, sections 1979, 1980 ; Code of 1873, section 1989 ; 36 *Georgia Reports,* 630 ; 39 *Ibid.,* 310. The contract for a fee to be paid out of the proceeds of the suit, was not champertous : *Moses vs. Bagley & Sewell,* 55 *Georgia Reports,* 283. The court erred in holding that the plaintiff had a right to dismiss the suit.

Judgment reversed.