COLEMAN & NEWSOME, plaintiffs in error, *vs.* ROSE RYAN, defendant in error.

1. The settlement of a pending suit between plaintiff and defendant, without the knowledge or consent of the counsel for the former, whose fees were to be a certain proportion of the recovery, cannot defeat the right of such counsel to prosecute such suit to a termination, in order to fix and recover their fees.

2. The value of the services performed by the counsel was irrelevant.

3. At the trial had upon an application for a homestead by the plaintiff, one of the defendants said that he would bankrupt the plaintiff. Subsequently they recovered a judgment, and, having made affidavit that the debt was for purchase money, had their execution levied on a stock of goods, most of which had been set apart as exempt. The plaintiff claimed, and upon the trial of the issue thus formed, but a very small portion of the property levied on was found subject. Upon the trial of an action brought by the plaintiff for damages, it was not error in the court to charge that if the jury believed the conduct of the defendants was malicious, and done for the purpose of breaking up the business of plaintiff, they might find vindictive damages.

Attorney and Client.    Contracts.    Evidence.    Damages. Before Judge HILL.    Bibb Superior Court.    April Term, 1876.

The following, taken in connection with the decision, sufficiently reports this case:

On the trial, the following facts appeared from the evidence: Mrs. Ryan kept a small store in Macon. She applied for exemption of personalty, and had set apart a lot of goods in her store. At the trial had upon the application, Newsome, whose firm was a creditor of Mrs. Ryan, was present; he seemed excited, and said that he "would bankrupt her." A witness for the plaintiff swore that Newsome used profane language. This he denies. Coleman & Newsome obtained judgment against Mrs. Ryan, made affidavit that the debt was for purchase money, and had an execution levied on her stock of goods. She interposed claim, and on the trial all except a small portion of the goods were found not subject, and returned to her. They were kept out of her possession about one month. The evidence was conflicting as to the amount of damage resulting therefrom; she, on the one hand, testified that her business was broken up completely, and one of the defendants, on the other, testifying that the damage was only slight.

The jury found for the plaintiff $300.00 damages, $200.00 of which they found satisfied by the settlement set out in the decision, and the remaining $100.00 for the use of counsel of plaintiff.

Defendants moved for a new trial, on the following, among other, grounds:

1. Because the court charged, in substance, that if plaintiff's counsel had acquired a lien under §1989 of the Code, and afterwards plaintiff and defendant entered into a settlement of the case, without the knowledge or consent of such counsel, they would be entitled to prosecute the case, have the amount of damages fixed, and obtain judgment for such proportion thereof as they might prove plaintiff contracted to give them.

2. Because the court refused to allow Whittle, the original attorney of plaintiff, to testify, on cross-examination, that he performed no other services than filing a declaration and making out one set of interrogatories.

3. Because the court charged, in substance, that the jury

might find vindictive damages, if they believed that the conduct of Coleman & Newsome was malicious, and for the purpose of breaking up plaintiff's business.

The motion was overruled, and defendants excepted.

R. F. Lyon; R. K. Hines; J. T. Nisbet, for plaintiffs in error.

Washington Dessau; A. P. Whittle, for defendant.

Warner, Chief Justice.

It appears from the record and bill of exceptions in this case, that on the 3d of September, 1874, Rose Ryan brought an action of trespass against Coleman & Newsome, to recover damages for levying certain *fi. fas.* on a stock of goods in her possession, which had been set apart as a homestead exemption. The attorneys for the plaintiff in the case were Messrs. Whittle & Dessau. The defendants were personally served with a copy of the writ on the 22d of September, 1874. The plaintiff removed to the state of South Carolina, and after her removal, without the knowledge or consent of her attorneys, made a settlement of her case with the defendants on the 31st of August, 1875, and directed the clerk of the superior court of Bibb county, in writing, to dismiss it at plaintiff's cost, which, for some reason not apparent, the clerk failed to do. When the attorneys for Mrs. Ryan were informed of the settlement of the case, they notified the defendants that it had been made without their consent, and they would not be bound by it, so far as their fees were concerned, which they claimed to be $100.00, and that they would prosecute the case to obtain their fees, which was done, and on the trial thereof, the jury, under the charge of the court, found the following verdict: "We, the jury, find for the plaintiff three hundred dollars damages, two hundred dollars of which we find satisfied by settlement between plaintiff and defendant, and one hundred dollars of which we find for use of plain-

tiff's counsel." The defendants made a motion for a new trial on various grounds therein set forth, which was over-ruled by the court, and the defendants excepted.

1. 2. The contract made by the plaintiff with her attorneys to bring the suit against the defendants, as appears from the evidence in the record, was that they were to have one-third of the recovery. The main controlling question in the case is as to the proper construction to be given to the act of 1873, as embraced in the 1989th section of the Code. That section declares that "attorneys at law shall have a lien upon *suits,* judgments, and decrees for money, and no person shall be at liberty to satisfy said suit, judgment, or decree until the lien, or claim of the attorney for his fees, is fully satisfied, and attorneys at law shall have the same right and power over said suits, judgments, and decrees, to enforce their liens, as their clients had, or may have, for the amount due thereon to them." According to the construction which we gave to this section of the Code in the case of *Twiggs et al. vs. Chambers,* 56 *Ga. Rep.* 279, the attorneys of the plaintiff had the legal right to prosecute the suit in the name of the plaintiff against the defendants for the recovery of the fee agreed to be paid to them by the plaintiff, and such appears to us to have been the intention of the general assembly, though we doubt the policy of the law which compels parties to litigate in court after they have agreed to settle their differences, for the benefit of their attorneys, in recovering uncertain, speculative damages, after offering to pay the attorneys what their services were reasonably worth up to the time of the settlement of the case, but it is not our business to make the law, and therefore we find no error in the charge of the court in relation to this branch of the case, or in ruling out the evidence of Whittle as to what services were rendered in the case, over and above the filing of the writ.

3. There is evidence in the record to authorize the charge of the court as to vindictive damages, and the question of damages being one for the jury under the evidence, this

court will not interfere to disturb the verdict when there is sufficient evidence to support it. In view of the facts of this case, as disclosed in the record before us, we find no error in overruling the defendant's motion for a new trial.

Let the judgment of the court below be affirmed.