STEPHENS *v.* FULFORD.

GILBERT, J. 1, 2. An attorney at law cannot recover the whole or any part of a contingent fee upon an express contract of employment, where the contingency provided for by the contract has not been brought about, although the entire work or service of the attorney has been duly performed, and although the possibility of the contingency being brought about is prevented by the subsequent wrongful conduct of the person for whose benefit the services were engaged, and with the subsequent continuing passive acquiescence of the client. Whether the undertaking would have proceeded to a successful or unsuccessful final determination had the client not passively acquiesced in the wrongful conduct is necessarily merely conjectural, and could not be considered in determining the question of liability.

3. Under circumstances such as those stated in the first question propounded by the Court of Appeals, the attorney in such a case could not recover upon a quantum meruit the reasonable value of the services actually performed for the client under the contract. Whether such recovery could be had where the client himself prevented by his wrongful conduct a successful result of the attorney's services is not decided, under the questions propounded. *All the Justices concur.*

No. 3168. JUNE 15, 1922.

The Court of Appeals certified (in Case No. 12795) the following questions:

" 1. Could an attorney recover from a client, upon their express contract, either the full contingent fee therein specified or any portion thereof, where the contract in effect recites that $250 has been paid by the client to the attorney in cash, and provides that an additional $1,000 shall be paid when the attorney secures a pardon for the client's son, then confined in the State penitentiary for murder, and where it appears that the attorney, pursuant to the contract of employment, obtained from the trial judge, the solicitor-general, and each of the trial jurors, and from various other persons, a recommendation for pardon, and that he discovered false testimony upon which the conviction of the client's son was based, through the confession of the State's main witness, and by this and other satisfactory evidence ' competently and convincingly established his innocence;' that the record on the application for pardon, including such evidence and recommendations, was presented to the State Prison Commission, and that on the hearing before it the attorney succeeded in procuring a recommendation of the commission to the Governor for a full pardon, after which the complete record of the application, together with the commission's recommendation for pardon, was transmitted to

the Governor; that, while the application with the favorable recommendation of the commission was before the Governor and awaiting his action thereon, the said son of the client escaped from the State penitentiary, and has since been at large; that since the escape the client has known and has continued to know of the whereabouts of his son, and has it within his power to return his son to the proper custody of the State authorities, but ' refuses to let the penitentiary authorities know the whereabouts of his son, or assist in restoring unto them, or to otherwise make it possible ' for the attorney to secure his release or pardon, for the reason ' that a pardon cannot be granted as long as he is technically a fugitive . from justice;' that the attorney has fully and properly performed all his labors required under the contract, and that the ' pardon and release has been prevented and is still prevented by ' the client's concealment of the whereabouts of his said son?

"2.   In other words (and with the purpose of framing the question more abstractly), can an attorney recover the whole or any part of a contingent fee, upon an express contract of employment, where the entire work or service of the attorney has been duly performed, although the contingency provided for by the contract has not been brought about, but where the possibility of its being brought about is prevented by the subsequent wrongful conduct of the person for whose benefit the services were engaged, and with the subsequent continuing passive acquiescence of the client himself, and where, without such acquiescence on the part of the client, the undertaking would proceed either to a successful or unsuccessful final determination?

"3.   If the answer to the foregoing questions be in the negative, could the attorney in such a case recover upon a quantum meruit the reasonable value of the stated services as actually performed for the client under the contract, even though he may not be entitled to recover upon the express contract the specified contingent fee, or any proportion thereof?"

The answers will be found in the headnotes.

*Adams & Camp,* for plaintiff.

*H. W. Nalley* and *R. D. Flynt,* for defendant.