## BYRD v. CLARK.

HINES, J.  1. A contract by which a client employed an attorney, and in which it was agreed that the attorney, for services already rendered and for services to be rendered in the future, should have 40 per cent. of all moneys and property received for the client in the litigation in which he was employed, provided for conditional compensation of the attorney.

2. Where there is an agreement for the payment of a contingent fee, the happening of the contingency is a condition precedent to the right of the attorney to recovery for his services, and the precise event which was contemplated must happen. *Moses* v. *Bagley*, 55 *Ga.* 283; *Twiggs* v. *Chambers*, 56 *Ga.* 279; 6 C. J. 743, § 319, (3).

3. An attorney who agrees to collect money for a certain percentum of the amount collected is not entitled to fees for suing the case to judgment; but to entitle him to fees under his contract, the money must be collected. *Moses* v. *Bagley*, supra. Upon suits for the recovery of real or personal property, attorneys have liens upon all property recovered. The lien on the property is not perfect until after recovery; but there is a lien on the suit which is perfect at once, and the lien on the property is inchoate. *Twiggs* v. *Chambers*, supra. See *Hodnett* v. *Bonner*, 107 *Ga.* 452 (33 S. E. 416).

4. When an attorney was employed by a divorced wife to procure a judgment in this State upon a judgment in another State, awarding to her alimony and counsel fees, and to cancel deeds made by the husband to others to defeat her recovery of alimony, and to subject the lands so conveyed to the judgment to be obtained in this State, and the grantees in such·deed were not made parties, and no judgment was obtained setting aside such conveyances and fixing a lien on the lands therein embraced in favor of the divorced wife, but only a general judgment was obtained against the husband, who was served by publication only, and who did not appear and plead, the obtaining of such judgment was not such recovery of these lands as would entitle the attorney to recover 40 per cent. of their values, under his contract of employment as stated in headnote 1; nor would this situation be changed by the obtaining by the attorney, for and in the name of the wife, of an order for sale and a sale by a receiver of such lands, the order directing that the money arising from the sale be distributed subject to order of the court thereafter to be passed; the wife having bid off the lands at such sale without paying the money into court, and proposing, in ignorance of the fact that the deeds of the adverse claimants had not been canceled, to take these lands and pay up the costs and expenses of the proceedings, and credit the net proceeds upon her judgment obtained on the Illinois judgment; and the court not having by any order approved such distribution of the proceeds of the sale, even if such could have been properly done.

5. A judgment in personam, and not in rem, rendered in a State court against a non-resident of the State, in an action upon an alimony judgment from another State, where the defendant was served by publication, but upon which no personal service of process within this State was made, and who did not appear, is void. *Dearing* v. *Bank of*

*Charleston,* 5 *Ga.* 497 (48 Am. D. 300); *Adams* v. *Lamar,* 8 *Ga.* 83; *King* v. *Sullivan,* 93 *Ga.* 621; *Reynolds & Hamby Estate Co.* v. *Martin,* 116 *Ga.* 495 (42 S. E. 796); *Hood* v. *Hood,* 130 *Ga.* 610 (61 S. E. 471, 19 L. R. A. (N. S.) 193, 14 Ann. Cas. 359); *Hood Brick Co.* v. *Mangham,* 161 *Ga.* 457 (131 S. E. 172); Pennoyer *v.* Neff, 94 U. S. 714 (24 L. ed. 565). The court having possession of the property of the husband though a receiver, a different question for decision would be presented if the judgment had been in rem. A judgment in rem, however, would not have amounted to a recovery of these lands, without more, and would not have entitled the attorney to compensation under the above contract.

6. Applying the principles above ruled, the court erred in not granting a new trial.      *Judgment reversed. All the Justices concur.*

No. 7564. June 17, 1930.

*W. E. Carroll* and *John Z. Ryan,* for plaintiff in error.
*Don H. Clark,* and *Aaron Kravitch,* contra.