### 26547. HORTON v. FARMER.

FELTON, J. A suit by an attorney at law against his client on an express contract providing for a fee contingent upon the recovery of certain real estate by suit, which does not specifically or inferentially allege that the suit, as a result of which it is alleged a settlement was made by the client without the consent of the attorney, was meritorious, or that the settlement was the contingency contemplated by the agreement, was fatally defective and was properly dismissed on general demurrer. *Byrd* v. *Clark,* 170 *Ga.* 669 (153 S. E. 737). The allegation that the client agreed to pay a sum of money in the settlement to obtain the land shows that the agreement was in the nature of a compromise, and proof thereof would not in itself authorize the conclusion that the suit was meritorious. *Collier* v. *Hecht-Brittingham Co.,* 7 *Ga. App.* 178 (66 S. E. 400). In view of the above ruling it is unnecessary to pass on the other assignments of error. The petition set out a right of action for

the reasonable value of the services actually rendered by the plaintiff. Permission is granted to him to amend his petition, before the judgment of this court is made the judgment of the lower court, by alleging the reasonable value of the services.

*Judgment affirmed, with direction. Stephens, P. J., and Sutton, J., concur.*

DECIDED MARCH 3, 1938. ADHERED TO ON REHEARING APRIL 1, 1938.

*Ozé R. Horton, Maddox, Matthews & Owens,* for plaintiff.
*Wright & Covington,* for defendant.