## LEWIS v. VAN VALKENBURG.

No. 13691. MAY 19, 1941.

*Hewlett & Dennis,* for plaintiff in error.

*William G. Grant,* contra.

BELL, Justice.   The attorney was employed on basis of a contingent fee of twenty per cent. of any sum recovered.   If the settlement which he negotiated had been accepted by his client, what-

ever sum she received thereunder might perhaps have been considered as a sum recovered, within the meaning of the contract of employment. *Middleton* v. *Westmoreland,* 164 *Ga.* 324 (138 S. E. 852) ; *Camp* v. *United States Fidelity & Guaranty Co.,* 42 *Ga. App.* 653 (2) (157 S. E. 209) ; *Thomas* v. *Travelers Insurance Co.,* 53 *Ga. App.* 404 (185 S. E. 922). The client, however, as the judge was authorized to find, did not accept the proposition of settlement within the time that it was open for acceptance, and acceptance as finally tendered was declined. The settlement therefore was never consummated. The plaintiff could not in law be charged with the delay, when the proposed settlement contemplated only a small payment in cash and contained other conditions which in any view made it less than an immediate full recovery; and this is true even though she may have been notified that the offer of settlement was conditioned upon acceptance within a limited period. The proposition being one which she was not bound in law to accept in any event, it was her right and privilege to consider it as long as she pleased, and to delay decision for any reason that appealed to her. It follows that the attorney did not succeed in recovering any sum, and that his failure to recover through settlement was not attributable to any legal fault on the part of the plaintiff; that is, under deductions authorized by the evidence. The contingency upon which he was to be entitled to a fee not having happened, and the plaintiff not being at fault, the judge did not err in refusing the relief sought in the attorney's answer, and in rendering judgment in favor of the plaintiff. Whether a different judgment might have been proper under the law, if the plaintiff herself had wrongfully prevented the happening of such a contingency, is a question which need not be decided in the present case; nor is any decision made thereon. See *Spence* v. *Coney,* 97 *Ga.* 441 (25 S. E. 316) ; *Stephens* v. *Fulford,* 153 *Ga.* 637 (112 S. E. 894) ; *Byrd* v. *Clark,* 170 *Ga.* 669 (153 S. E. 737) ; 6 C. J. 743, 744, § 319. The attorney did not claim compensation on any such basis, and, as appears in the judge's order, he even "disclaimed any right to recover on such basis." Compare *Haygood* v. *Perkins,* 142 *Ga.* 168 (82 S. E. 544).

There is no merit in the contention of the attorney that the plaintiff was not entitled to the relief sought, for the reason that she failed to do equity by paying or offering to pay "the amount

due him on his contract." Under the pleadings and the evidence, and the contingent terms of the contract, the judge was authorized to find that the plaintiff did not owe the defendant anything. There was no substantial merit in either of the special grounds of the motion for new trial, and the court did not err in refusing a new trial. Let it be said in this connection that the attorney appears to have acted in good faith throughout the entire transaction. The inference is that he was not as careful as he might have been with respect to his own compensation, or that he might have acted upon an honest misconception of both his right and duty, upon the happening of the controversy between him and his client.    *Judgment affirmed.    All the Justices concur.*