### 32170.  THOMAS *v.* POSTELL.

DECIDED OCTOBER 2, 1948.  REHEARING DENIED OCTOBER 22, 1948.

*William A. Thomas,* for plaintiff.

*Herbert Johnson, Ross Arnold,* for defendant.

SUTTON, C. J.  Douglas F. Thomas, an attorney at law of Jesup, Georgia, sued J. A. Postell in the Civil Court of Fulton County, seeking to recover damages of $250 as an attorney fee for an alleged breach of contract, and by amendment the amount of his suit was changed to $382.16.  The defendant answered and denied that the plaintiff was entitled to recover any amount against him. It appears from the record that J. A. Postell had a claim for damages against the Sea Island Manufacturing Company of Jesup, Georgia, on account of a certain boiler purchased by Postell from the Sea Island Manufacturing Company, and Postell took up the matter of collecting the claim with attorney Douglas F. Thomas. Certain letters were exchanged between Postell and Thomas with reference to the claim; and, on January 23, 1947, Thomas wrote Postell:  "I am in position to handle this matter for you on the following basis, in which there are two óptions for you to select from—(1) $100 cash fee paid in advance and 25% of what is recovered.  If depositions are to be taken, you pay for this serv-

ice; (2) 50% of what is recovered in the matter, and the expense of filing suit which is $5 to be paid by you, and any cost of depositions to be paid by you." On January 25, 1947, Postell replied: "In reply to your letter of January 23, 1947, we are going to accept your second alternative in the matter of the Sea Island Manufacturing Company of Jesup, Georgia. Claim should be made in the amount of $764.32, plus your fee, plus costs. Unless there is something in your strategy that is not apparent to us at this time, I do not know why any depositions would be necessary, since I certainly shall arrange to be in Jesup for the trial, should it be necessary to take it to court. I hope that you will find it possible to begin immediately vigorous handling of this matter for us. Our entire file is attached herewith." On January 30, 1947, Thomas wrote Postell, acknowledging receipt of the file in the claim and said he was taking it up with the company and, among other things, stated in this letter: "I notice that you set the amount of $764.32 as the amount of damages, plus my attorney's fee; if suit has to be filed I will ask for reasonable attorney's fees on the grounds of bad faith being shown by the defendant in accomplishing this fraud on you, and the files indicate that bad faith was certainly used in the matter in misrepresenting the articles sold; of course in the end this will be a jury question, and is on the hard side of a case to recover on this feature." It appears from the evidence that the plaintiff, Mr. Thomas, took up the matter of collecting this claim with the Sea Island Manufacturing Company and also with its attorney, E. Kontz Bennett of Waycross, Georgia, by letters and personal conferences, but nothing was collected by him on the claim. Other letters, with referenec to the claim, were exchanged between the plaintiff and the defendant, and, on May 8, 1947, the defendant authorized the plaintiff to compromise or settle the claim for $500 and to retain $100 of that amount as his fee. But no settlement was obtained and no suit was filed. On May 28, 1947, Postell wrote Thomas to return the claim to him, which the attorney declined to do; and then, on November 14, 1947, Douglas F. Thomas filed the present suit against J. A. Postell, seeking to recover as a fee 50% of the amount of the claim of Postell against the Sea Island Manufacturing Company.

1. It was ruled in *Stephens* v. *Fulford*, 153 *Ga.* 637 (112 S. E.

894): "An attorney at law cannot recover the whole or any part of a contingent fee upon an express contract of employment, where the contingency provided for by the contract has not been brought about, although the entire work or service of the attorney has been duly performed, and although the possibility of the contingency being brought about is prevented by the subsequent wrongful conduct of the person for whose benefit the services were engaged, and with the subsequent continuing passive acquiescence of the client. Whether the undertaking would have proceeded to a successful or unsuccessful final determination had the client not passively acquiesced in the wrongful conduct is necessarily merely conjectural, and could not be considered in determining the question of liability." And in *Byrd* v. *Clark*, 170 *Ga.* 669 (2, 3) (153 S. E. 737), it was ruled: "Where there is an agreement for the payment of a contingent fee, the happening of the contingency is a condition precedent to the right of the attorney to recover for his services, and the precise event which was contemplated must happen. *Moses* v. *Bagley*, 55 *Ga.* 283; *Twiggs* v. *Chambers*, 56 *Ga.* 279; 6 C. J. 743, § 319, (3) . . An attorney who agrees to collect money for a certain percentum of the amount collected is not entitled to fees for suing the case to judgment; but to entitle him to fees under his contract, the money must be collected."

2. Applying the above principles of law to the facts of this case, the plaintiff was not entitled to recover. The attorney in handling the defendant's claim on a contingency basis of 50% of the amount of the recovery did not recover anything, nor did he obtain any settlement. According to the evidence, the defendant was not at fault in the matter. The contingency upon which the attorney was to be entitled to a fee did not happen, and the trial judge did not err in rendering judgment for the defendant.

*Judgment affirmed. Felton and Parker, JJ., concur.*