### 32843. CAIN v. TUTEN.

Decided July 13, 1950.

104

*B. L. Jones*, for plaintiff.

*T. J. Townsend, R. A. Moore*, for defendant.

MacIntyre, P. J. ■ The motion to dismiss the writ of error is denied. A bill of exceptions reciting that the court erred in

sustaining the general demurrer, and that "to this ruling sustaining said general demurrer and dismissing the plaintiff's petition, plaintiff then and there excepted and now excepts and assigns the same as error upon the ground that the same was contrary to law," contains a sufficient assignment of error where the demurrer itself appears in the record. *Greene* v. *Orr*, 75 *Ga. App.* 673, 674 (44 S. E. 2d, 273), and cit.

■ "Where there is an agreement for the payment of a contingent fee, the happening of the contingency is a condition precedent to the right of the attorney to recovery for his services, and the precise event which was contemplated must happen. *Moses* v. *Bagley*, 55 *Ga.* 283; *Twiggs* v. *Chambers*, 56 *Ga.* 279; 6. C. J. 743, § 319 (3)." *Byrd* v. *Clark*, 170 *Ga.* 669 (153 S. E. 737); *Thomas* v. *Postell*, 77 *Ga. App.* 784 (49 S. E. 2d, 835); *Lewis* v. *Van Valkenberg*, 192 *Ga.* 272 (15 S. E. 2d, 233); *Horton* v. *Farmer*, 57 *Ga. App.* 759 (196 S. E. 112). According to the allegations of the petition the defendant (the attorney) was employed by the plaintiff (the client) "for the purpose of securing and collecting a proper award . . [He] was employed to collect and turn over to . . [the plaintiff] all that he was rightfully entitled to by reason of . . [his] injuries." It is also alleged that the defendant "agreed to represent . . [the plaintiff] for one-third of the amount of recovery awarded by the State Board of Workmen's Compensation." Under these alleged terms of the contract, it was the defendant's duty to represent the plaintiff before the board *and collect* "all that the plaintiff was rightfully entitled to," and the defendant's fee was not earned, nor the attorney-client relationship terminated, until the award made by the board had been collected and turned over to the plaintiff. See, in this connection, *Wilson* v. *Maryland Casualty Co.*, 71 *Ga. App.* 184, 187 (30 S. E. 2d, 420), wherein this court, in construing a contract of employment between a claimant under the Workmen's Compensation Act and his attorney, held that the provision of that contract that the attorney was to receive "one-third of any sum recovered" meant any sum actually received by the claimant, and did not mean one-third of any sum awarded by the board. Whether it was understood by the plaintiff alone, as the trial court construed the petition, or whether it was agreed between the plaintiff and

the defendant as a part of the contract that the plaintiff was "to receive any monies due him by the terms of such award in one lump sum," is of no significance. Whether the claimant received the money under the award in weekly payments or in one lump sum, the alleged contract imposed the duty of collecting the money upon the defendant, and nothing more appearing, a failure to collect the money constituted a breach of his duty under the contract and until the plaintiff received the money, the defendant had not earned his fee. Under the allegations of the petition, the defendant did not collect the major portion of the award, and, moreover, he sought to defeat the plaintiff's collection of it by writing the Highway Department "that to his (the defendant's) information, the plaintiff is not in bed any longer and in justice to everybody concerned, I had rather you take the responsibility," and by returning the money to the department. Whether his action in so doing was praiseworthy or otherwise, it is not for us to say here. It remains that until the plaintiff received the money the defendant was not entitled to his fee, notwithstanding it had already been paid in advance. True, the money was collected, but not through the services of the defendant. The petition set forth a cause of action, for the breach of duty imposed by the contract is the cause of action, and not the consequential damage resulting from such breach. Whether or not the fee of $25 paid to the attorney who collected the money for the plaintiff has been approved by the State Board of Workmen's Compensation, the failure of the board to approve the latter fee would serve as no shield to the defendant. The statute requiring the board to approve attorneys' fees was intended to protect the claimants under the act, not the attorneys.

The petition does not set forth a cause of action for fraud as it does not appear that the plaintiff was defrauded by the defendant. It appears affirmatively rather that the plaintiff refused to be "taken in" by the allegedly fraudulent demands of the defendant.

While exemplary damages can never be allowed in cases arising on contracts (Code § 20-1405) the petition set forth a cause of action for special damages and the court erred in sustaining the general demurrer to the petition.

108

Pursuant to the act of the General Assembly approved March 8, 1945 (Ga. L. 1945, p. 232) requiring that the whole court consider any case in which one of the judges of a division dissents, this case was considered and decided by the court as a whole.

*Judgment reversed. Felton and Townsend, JJ., concur. Sutton, C.J., concurs in the judgment. Gardner and Worrill, JJ., dissent.*

GARDNER, J., dissenting: The trial judge reduced his opinion to writing, in overruling the demurrer and dismissing the plaintiff's case. Construing the petition most strongly against the plaintiff, as the law requires us to do, I find no error in the judgment overruling the general demurrer. The judgment of the court, omitting the formal parts, reads as follows:

"This case comes on for decision on a general demurrer filed by the defendant, Andrew J. Tuten, to the petition of the plaintiff, Tom M. Cain.

"There was argument of counsel for the defendant in support of his demurrer, and on the part of counsel for the plaintiff in opposition thereto.

"There were citations of authority by each. After a reconciliation of grammatical errors, inconsistences in averment of facts, it appears to the court that:

"1. At a time when there was no fiduciary relation existing between the parties, there was a written contract on the part of the plaintiff with the defendant as a lawyer or counsel for plaintiff relating to a claim of the plaintiff against the State Highway Department of Georgia for injuries sustained by him in the course of his employment, in which there was to be sought an award from the State Board of Workmen's Compensation of Georgia for injuries received resulting in permanent, total disability.

"At the time of the negotiations for employment, as has been stated, there was no fiduciary relation existing between the plaintiff and the defendant. The contract of employment, while not set forth, might have been either written or oral, but in any event its essentials would be and are the same as any other contract of employment. The employment of counsel to prosecute a claim is not different in its incidents, or in the rules governing it, from the employment of an agent in any capacity or business.

"3. The matter of a fee is an element of expressed contract for such services and there seems to be definiteness and certainty of the terms, a mutual consent of the parties, who from the pleadings both appear to be competent, and the fact of the services would afford consideration. The contract was made, as before stated, when there was no fiduciary relation between the parties, and as now stated, who were in all respects competent to contract with each other. The contract does not appear to have been champertous, or contrary to public policy, or to have been induced by fraud or misrepresentation, nor was the fee agreed to be paid excessive so as to evince a purpose on the part of the attorney to obtain an improper or undue advantage over the plaintiff.

"It seems to be well settled that there is no obligation on the part of the attorney in such circumstances to show that the fee exacted, and contracted about was just, fair and reasonable, since the contract was anterior to any agreement with reference to representation.

"5. It is the opinion of the court that fee contracts of lawyers, like contracts in general, can not be avoided except for legal cause, and this would be true even though the fee set forth in the contract was inadequate to compensate the lawyer for his services, or might be considered excessive to the lay mind.

"6. It is observed also that it is a well recognized principle of law that parties are presumed to embody in their written contracts all that was said prior thereto, at the time of the making of the same in relation to the subject matter thereof, and neither party is permitted to show, as a matter of law, that the contract was other than as written, except on proper allegation of error, fraud, or mistake; and there are no such in this petition.

"7. In the third paragraph of the petition it is alleged that the defendant 'was employed by petitioner to present the case of petitioner to the State Board of Workmen's Compensation, for the purpose of securing and collecting a proper award for injuries he had received, and his total disability. The said Tuten (defendant) agreed to represent petitioner for one-third of the amount of recovery as awarded by the State Board of Workmen's Compensation, and that petitioner agreed to this

arrangement . . That said Tuten (defendant) did on the 31st day of March, 1949, obtain an award from the State Board of Workmen's Compensation based on the permanent total disability of this plaintiff, directing that the State Highway Department of Georgia pay this plaintiff $13.75 per week for 350 weeks.'

"In the space indicated by . . above there appears this language in the petition: 'understanding that he was to receive any monies due him by the terms of such award in one lump sum.'

"8. It is pointed out that this provision is not alleged to have been incorporated in the contract, and it is a safe interpretation of the pleadings that if true at all, it was the unilateral understanding of the plaintiff, and is, therefore, no part of the contract to be considered in this connection.

"9. The allegation that the defendant made application to the Workmen's Compensation Board for his one-third of fees and received from such Board the sum awarded by it, representing one-third of the total award, as covered by the contract of employment, can not by itself be considered, or considered in connection with other allegations in said petition be said to be a breach of the contract.

"10. The allegation in the third paragraph of the petition that the defendant made an application to the State Board of Workmen's Compensation for a lump sum settlement of the award made to the plaintiff, appears from the petition to be a service by the defendant to the plaintiff over and beyond the terms of his contract, and definitely one for which he could not plead a breach of contract, since it further appears that the sum awarded was commuted to a lump sum cash amount and paid to the defendant, and by him accepted.

"11. It does not appear that the undertaking of the defendant, the attorney, in relation to which negligence is referred, was a part of his obligation; that as attorney it must follow that it was no part of the contract, and that no liability whatsoever might, or did, arise on account thereof.

"12. The allegations in the seventh paragraph of the petition with reference to the $25 fee paid to other counsel, for the reasons therein set forth, is in the opinion of the court no suf-

ficient allegation of any damages as would entitle the petitioner to prevail, for that said item being averred to be attorney's fee is not supported by any allegation that the fee was allowed and approved by the State Board of Workmen's Compensation, which has exclusive control of the matter of fees.

"13. The petitioner appears to have received all of the sum which he was entitled to under the award, and to have accepted the same in settlement and satisfaction of the award; the award appears, from the petition, to have been procured by reason of the representation of the defendant; the fee paid and allowed out of the award seems to have been in strict accordance with the contract, and there appearing nothing in the petition to show fraud, actual or constructive, on the part of the defendant, and no reason whatsoever appearing from said petition why the defendant should repay the fee allowed to him by the State Board of Workmen's Compensation as damages resulting to petitioner, it is the opinion of the court that the petition sets forth no cause of action whatsoever against the defendant, and in favor of the plaintiff. It might be pointed out further that the plaintiff has not brought himself within the provision of the Workmen's Compensation Act, as amended in any respects insofar as a review of any act or thing in connection with the handling of this cause.

"The general demurrer is sustained, and the petition dismissed. [Dated and signed by the judge.]"

It is my opinion that if the plaintiff did prove the allegations of the petition, he would not be entitled to recover against the defendant, under the allegations of his petition, for the reasons given in the judgment of the trial court.