SELLERS *v.* CITY OF SUMMERVILLE; *et vice versa.*

Nos. 17539, 17540. SUBMITTED JULY 10, 1951—DECIDED SEPTEMBER 12, 1951—REHEARING DENIED OCTOBER 11, 1951.

*Horace T. Clary, Jesse M. Sellers,* and *Jesse M. Sellers Jr.,* for plaintiff.

*Wright, Rogers, Magruder & Hoyt,* for defendant.

ALMAND, Justice. Where the performance of one party to a contract is conditioned upon the performance of certain acts on the part of the other party before the contract becomes absolutely obligatory, such condition must be performed. Code, § 20-110. So, when a plaintiff's right to recover on a contract depends upon a condition precedent to be performed by him, he must allege and prove the performance of such condition or allege sufficient legal cause for its non-performance. *Griswold* v. *Scott,* 13 *Ga.* 210 (2); *Baker* v. *Tillman,* 84 *Ga.* 401 (11 S. E. 355); *Herrington* v. *Jones,* 132 *Ga.* 209 (63 S. E. 832). See also *Janes* v. *Horton,* 32 *Ga.* 245 (79 Am. D. 300).

A contract between an attorney and client, where it is stipulated that the attorney shall receive a certain per centum of the amount recovered for services rendered, the same not being champertous, is valid and binding upon both the attorney and the client. *Kimball* v. *Casey,* 169 *Ga.* 631 (1b) (151 S. E. 372). However, an attorney cannot recover the whole or any part of a contingent fee upon an express contract of employment, "where the contingency provided for by the contract has not been brought about, although the entire work or service of the attorney has been duly performed." *Stephens* v. *Fulford,* 153 *Ga.* 637 (1, 2) (112 S. E. 894). So, where an attorney agrees to collect money for a certain per centum of the amount collected, he is not entitled to a fee for suing the case to judgment; but, to entitle

him to fees under his contract, the money must be collected, in that, the agreement as to payment of attorney's fees being contingent, the happening of the contingency is a condition precedent to the right of the attorney to recover for his service, and the precise event which was contemplated must happen. *Byrd v. Clark*, 170 *Ga.* 669 (2, 3) (153 S. E. 737). Where a plaintiff bases his right to recover upon an express contract entire and indivisible, he can not recover unless he has performed all the obligations. *Maner* v. *Clark-Stewart Co.*, 33 *Ga. App.* 424 (2) (126 S. E. 871).

Reference to the contract between the plaintiff and the defendant shows that the plaintiff was employed by the defendant for obtaining two results: (a) that, in representing the city for the purpose of testing the legality and binding effect of a certain franchise granted by the city to Georgia Railway & Power Company, he was to obtain a finding that the franchise granted to that company in 1924 was not a legal and binding franchise on the city; and (b) to do all things necessary to obtain a new franchise. If the contention of the city that the franchise was not binding on it was upheld, the plaintiff would be paid 20% of the value of any new franchise, or whatever value the operation of the city selling electric power was to the city, the decision to be arrived at by the mayor and council of the city and the plaintiff. The plaintiff says that he has performed his agreement, and that the city has breached its agreement by refusing to pay him 20% of the value of the new franchise the city has granted Georgia Power Company, and that such refusal amounts to a breach of the contract of employment, and he is entitled to 20% of the value of such franchise, less the $1500 already paid him, as damages.

Whether the plaintiff's contention that he has performed his duty under the contract of employment, by obtaining a new franchise, be well founded, depends upon the nature and terms of the contract of Georgia Power Company with the city, dated December 15, 1949. A reference to that contract discloses that it is not one in which the city granted to Georgia Power Company a new franchise, for the reason that the contract itself recognizes that the company holds a franchise with the city by virtue of an ordinance of June 23, 1924. As ordinarily understood, a

franchise is a particular privilege or right granted by a sovereign to an individual or corporation, and an exemption from a burden or duty which others are subject to. *Central Railroad & Banking Co.* v. *State of Georgia*, 54 *Ga.* 401, 409. It is clear that the purpose of this contract was that, in consideration of the city agreeing not to erect a municipal plant, or engage in the sale and distribution of electric energy within the city limits, and not to grant a franchise for such sale or distribution to any one else, Georgia Power Company would pay to the city 3% of the gross receipts of certain sales of electric energy, less credit for the payment of certain taxes; and, in the event the city erected its own plant, or granted a franchise to another, the agreement would be at an end. It appears from the allegations of the petition that the plaintiff was entitled to recover his contingent fee from the city only in the event that his services were successful in getting the existing franchise declared invalid; and that, thereafter, the plaintiff would be entitled to receive 20% of the value if and when a new franchise was granted; and it further appears that, in the litigation prosecuted by the plaintiff, the contention of the City of Summerville was not sustained by the courts, but on the contrary, it was held that Georgia Power Company did have a valid franchise (*City of Summerville* v. *Georgia Power Co.*, 205 *Ga.* 843, 55 S. E. 2d, 540), and it does not appear that the company has been granted a new franchise. It appears, on the contrary, that the city and the company have recognized the validity of the 1924 franchise ordinance, and made a contract in regard to the same.

It is insisted, however, that, when the plaintiff obtained the offers from Georgia Power Company to pay the city 3% of the gross revenue from residential and commercial users of electricity in the City of Summerville, and such offers were substantially the same as Georgia Power Company agreed to pay under its contract of December 15, 1949, the refusal of the city to accept the prior offers relieved the plaintiff from any further duties and prevented him from receiving the compensation to which he was entitled, and "so far as his obligations under the contract of employment are concerned, date from the time the offer of 3% for an advertised franchise was made and refused."

The allegations of the petition do not support this contention.

The plaintiff does not base his right of action on the ground that he was entitled to his compensation at the time the city refused to accept the offers of Georgia Power Company; but he rests his action upon an express written contract with the city, and says that the breach occurred when the city, after making the new contract with the power company, and after demand was made for 20% of the first payment, refused to pay. The plaintiff, after the city had for the second time refused the offer of Georgia Power Company, on December 12, 1948, apparently recognized that such refusal did not justify him in claiming that he had performed all his obligations under the written contract of employment on the basis that the offers met the contingencies of his employment, because at the meeting of the mayor and council he asked for advances on his fees under his written contract of employment, and he thereafter continued to handle the suit of the city against Georgia Power Company, attacking the validity of the company's franchise, which proceeding culminated adversely to the claim of the city by a judgment of the Supreme Court of September 14, 1949 (205 *Ga.* 843).

The plaintiff contends that, under the ruling in *Candler* v. *Bryan,* 189 *Ga.* 851 (8 S. E. 2d, 81), the city under its contract of employment made an equitable assignment as to "20% of the value of any new franchise," and the new franchise is impressed with a trust to pay his fee. There is no basis for this contention, for the reason that the sums the city is receiving from Georgia Power Company are not by virtue of a new franchise, but under a contract.

The allegations of the petition showing that the contingency upon which the plaintiff was entitled to compensation has never occurred, there was no error in sustaining grounds 1, 4, and 5 of the defendant's general demurrer and in dismissing the action.

In view of the foregoing ruling, it is unnecessary to pass upon the assignments of error in the cross-bill of exceptions.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*