20475. STRICKLAND v. WILLIAMS, Receiver, et al.

SUBMITTED MAY 11, 1959—DECIDED JUNE 5, 1959—
REHEARING DENIED JULY 8, 1959.

*Tillman & Brice,* for plaintiff in error.

*Copeland & Smith, J. Lundie Smith, H. C. Eberhardt, C. J. Taylor, W. W. Rehberg, R. E. Bradford, W. J. Gibbons, Ben F. Johnson, Jr., Deputy Assistant Attorney-General,* contra.

HEAD, Justice. 1. The alleged notice that the intervenor "would enforce the provisions of 'the said note . . . with regard to the payment of attorney's fees" was given more than 60 days after the debtor (Parramore) had filed a voluntary petition for the liquidation of his assets and the payment of his debts through the appointment of a receiver. A temporary receiver was appointed on the same date the petition was filed.

A person who has been appointed receiver of the property of an insolvent debtor, by the order of a court of competent jurisdiction, becomes an executive officer of the court and the property received by him is in custodia legis. *Tindall* v. *Nisbet,* 113

*Ga.* 1114 (39 S. E. 450, 55 L. R. A. 225) ; *Erikson* v. *Hewlett,* 212 *Ga.* 423, 425 (93 S. E. 2d 563). Possession by a receiver may not be disturbed except by leave of the court. *Coker* v. *Norman,* 162 *Ga.* 238 (133 S. E. 243). One who dispossesses the receiver of property consigned to him by order of the court dispossesses the court, and may be punished for contempt, and the property restored. *Coker* v. *Norman,* 162 *Ga.* 351 (133 S. E. 740).

It is the duty of the court to protect from interference the property in its possession through its receivers, and the writ of injunction is a proper remedy to effect this purpose. *Blumenfeld* v. *Citizens Bank &c. Co.,* 168 *Ga.* 327, 331 (147 S. E. 581). In the present case, in the order of the court appointing the temporary receiver all persons, firms, and corporations were enjoined "from instituting, filing, or prosecuting any suits, bills, attachments, garnishments, *or other proceedings of whatever kind against the petitioner* or any property or assets of his or of the said bank other than by answer, cross-bill or intervention." (Italics ours.) This injunction by the court conforms with the provisions of our Code. "Upon the appointment of a receiver, no creditor shall acquire any preference, by any judgment or lien, on any suit or attachment under proceedings commenced after the filing of the petition, and all assignments and mortgages to pay or secure existing debts, made after the filing of said petition, shall be vacated, and the assets be divided pro rata among the creditors, preserving all existing liens." Code § 28-405.

It is not alleged or contended that the injunction prohibiting all "other proceedings of whatever kind" against the debtor was ever modified, vacated, or set aside by the court in any subsequent order. Under the prohibition of the statute (Code § 28-405), no valid claim for attorney's fees can be asserted by counsel for the intervenor based upon a notice (to the debtor and the receiver) given 60 days subsequent to the appointment of the receiver, and the court's injunction prohibiting all "other proceedings of whatever kind" by creditors, or those purporting to act for or on behalf of creditors.

2. Code (Ann.) § 20-506 pertaining to the obligation to pay attorney's fees contained in promissory notes was amended by

an act of the General Assembly approved March 4, 1953 (Ga. L. 1953, Jan.-Feb. Sess., p. 545). Under the amendment, obligations to pay attorney's fees upon any note or other evidence of indebtedness are valid and enforceable "and collectible as a part of such debt, if such note or other evidence of indebtedness be collected by or through an attorney after maturity."

Under a contract to pay attorney's fees if the note or other obligation "be collected by or through an attorney," only a contingent liability is created for the payment of attorney's fees, and no liability for the payment of such fees can or will arise until such time as the contingency which is a condition precedent to the collection of such fees has been fully complied with, and the collection made by the attorney at law. "Where there is an agreement for the payment of a contingent fee, the happening of the contingency is a condition precedent to the right of the attorney to recovery for his services, and the precise event which was contemplated must happen." *Byrd* v. *Clark,* 170 *Ga.* 669 (2) (153 S. E. 737); *Stephens* v. *Fulford,* 153 *Ga.* 637 (112 S. E. 894); *Sellers* v. *City of Summerville,* 208 *Ga.* 361, 367 (67 S. E. 2d 137). In *Sellers* v. *City of Summerville,* supra, (p. 366) it is said: "When a plaintiff's right to recover on a contract depends upon a condition precedent to be performed by him, he must allege and prove the performance of such condition or allege sufficient legal cause for its non-performance."

In the present case, the bill of exceptions recites that, prior to the order of the court sustaining the receiver's demurrer to the claim of the intervenor for attorney's fees, the receiver had paid to him the principal and interest in full of the amount due him by the insolvent debtor. In his amendment to his intervention, he alleged that he was the legal owner of the notes and collateral delivered by him to the receiver under trust receipt, and he sought a judgment of the court directing the receiver to return to him all notes and receivables held by the receiver under the trust receipt. The debt of the intervenor was not collected by or through an attorney at law, but, on the contrary, the intervenor and his attorney sought to prevent the collection and payment of his claim by the receiver.

Counsel for the intervenor have cited and quoted at length

from the decision of the United States Supreme Court in Security Mortgage Co. *v.* Powers, 278 U. S. 149 (49 S. Ct. 84, 73 L. Ed. 236) where a suit was filed after notice of attorney's fees as provided by the statutes had been duly given, and a judgment entered which included such fees. The question before the court was whether or not such fees could be allowed in a bankruptcy proceeding, where the petition in bankruptcy had been filed prior to the filing of the suit and the judgment upon the notes. The court neither allowed nor disallowed the fees, which had been rejected by the district court. The case was remanded for further findings of fact. The Mortgage Security Company case, and similar decisions by Federal courts relative to the payment of attorney's fees in bankruptcy cases arising under the Federal Bankruptcy Act, are not in point on their facts with the present case, and are not authority for a contrary ruling here.

*Judgment affirmed. All the Justices concur.*