## 39695.   BEARDEN v. LANE.

Decided February 14, 1963—
Rehearing denied February 28, 1963.

*S. S. Robinson,* for plaintiff in error.

*Benjamin B. Blackburn, III,* contra.

FRANKUM, Judge. ■ An attorney at law cannot recover under a contingent fee contract unless the contingency expressed in the contract occurs. *Sellers v. City of Summerville,* 208 Ga. 361 (67 SE2d 137); *Strickland v. Williams,* 215 Ga. 175 (109 SE2d 761); *Stephens v. Fulford,* 153 Ga. 637 (112 SE 894); *Byrd v. Clark,* 170 Ga. 669 (153 SE 737). In absence of a contingent fee contract a client has a right to terminate the employment of an attorney at any time upon the payment of reasonable attorney's fees, and such termination is not considered a breach of the contract. *White v. Aiken,* 197 Ga. 29 (28 SE2d 263). Where there is a contingent fee arrangement between a client and his attorney and the client prevents the contingency from happening, the attorney is entitled to reasonable attorney's

fees for his services that have been rendered on behalf of the client. *Ambos v. Chastain,* 75 Ga. App. 393 (43 SE2d 592); *Horton v. Farmer,* 57 Ga. App. 759 (196 SE 112); *Sellers v. City of Summerville,* 88 Ga. App. 109 (76 SE2d 99); 7 CJS 1074, Attorney & Client, § 188 (c). Accordingly, the plaintiff's petition as it was finally amended set forth a cause of action.

■ Conceding for the purpose of argument that the plaintiff's original petition was one predicated upon a specific contract and the plaintiff's last amendment constituted a new and distinct cause of action from the one originally pleaded, the petition is not subject to the grounds of the demurrer urged by the defendant because a specific procedural statute concerning the Civil Court of Fulton County authorizes such a procedure. Ga. L. 1933, pp. 290-298. This statute provides in part: "Where the amount involved is less than three hundred dollars, exclusive of interest, attorneys' fees, and costs, the trial judge shall at any time, in the furtherance of justice, upon such terms as may be just, permit any claim, suit, process, proceeding, pleading, or record to be amended, in form or in substance, or material supplemented matter to be set forth in an amended or supplemental oral claim or pleading. The judge at every stage of the proceedings must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties, and amendments changing the cause of action, or presenting a new cause of action, arising out of the same transaction or subject-matter, shall be allowed, providing, however, for time to the opposite party, where in the discretion of the court it is deemed necessary to meet the new matter claimed by the amendment." Where special procedural rules for the Civil Court of Fulton County are created by statute which depart from those prescribed for the courts of general jurisdiction, the special statutory enactment for the civil court will prevail. *Washington Nat. Ins. Co. v. Edwards,* 102 Ga. App. 381 (116 SE2d 514). Accordingly, the court did not err in overruling all grounds of the defendant's demurrer.

■ "Under repeated rulings of this court, an exception to the refusal to grant a nonsuit will not be considered, where there is also an exception to the overruling of a motion for a new trial,

in which the defendant complains of a verdict for the plaintiff as contrary to the evidence." *Taylor v. Johnson,* 18 Ga. App. 161 (7) (89 SE 77). See *Duncan v. Redd,* 14 Ga. App. 306 (80 SE 726).

■ By two special grounds of his motion for new trial the defendant complains of the admission of certain evidence relating to the value of the plaintiff's services calculated on a quantum meruit basis. These grounds present no reversible error since the evidence was admissible under the allegations of the petition as it was finally amended.

■ The remaining special grounds of the motion for new trial are exceptions to rulings on the pleadings. These rulings cannot be made a special ground of a motion for a new trial. *Guest v. Baldwin,* 104 Ga. App. 809 (123 SE2d 194).

■ The evidence was sufficient to support the judgment. Therefore, the general grounds of the motion for a new trial are without merit.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*