## 48988. BROOKHAVEN SUPPLY COMPANY, INC. v. RARY.

EVANS, Judge.

In 1965 a condemnation proceeding was instituted against Brookhaven Supply Co., Inc. as to property located at the intersection of Peachtree Road and North Druid Hills Road in DeKalb County, Georgia. A certain portion of said property was condemned and a payment of approximately $35,000 was made to Brookhaven Supply Co. The purpose of the condemnation was to construct an underpass for the existing roadway over the Southern Railway at this location and to put North Druid Hills Road under the railroad crossing. In 1970 DeKalb County and State Highway Department and their contractors began construction of this underpass. Brookhaven Supply Co. contended the construction work was interfering with its ingress and egress to North Druid Hills Road and destroying its business. Whereupon it employed J. C. Rary as an attorney under a contract providing for payment of a $1,500 retainer, $35 per hour, and 10% contingent fee as to any damages recovered because of the denial of access by Brookhaven Supply Co. to its property. Both the $1,500 retainer and the hourly basis rate have been paid. Rary, in behalf of Brookhaven Supply, instituted suits seeking injunctive relief against the public authorities and obtained restraining orders pending hearings. A settlement was finally reached with the authorities whereby the condemnation proceedings would be reopened, and Brookhaven's ingress and egress would be condemned, and the injunction suits dismissed.

The evidence is not absolutely clear as to whether a new condemnation suit was instituted, or the old suit

reopened. Brookhaven Supply Co. employed other counsel to represent it in the further condemnation. The injunction suits filed by Rary were voluntarily dismissed. An award of $400,000 was made in favor of Brookhaven Supply Co., which was paid into court, and Brookhaven drew this money down. However, DeKalb County appealed, and the condemnation proceeding is still pending in the lower court.

J. C. Rary here sues the defendant, Brookhaven Supply Co., for attorney fees in this suit for the sum of $40,787.40 on account of legal services rendered. The case proceeded to trial and the above and foregoing facts were shown by the evidence. After colloquy by counsel it was developed that DeKalb County had appealed the condemnation award of $400,000, and although this sum had been paid into court, same could be reduced by the prosecution of the appeal. Plaintiff then moved for a mistrial because DeKalb County's attorney had raised the question of prematurity in the presence of the jury. The court granted the motion for mistrial and defendant appeals. *Held:*

1. An attorney cannot recover under a contingent fee contract unless the contingency expressed in the contract occurs. *Sellers v. City of Summerville,* 208 Ga. 361 (67 SE2d 137); *Strickland v. Williams,* 215 Ga. 175 (109 SE2d 761); *Stephens v. Fulford,* 153 Ga. 637 (1, 2) (112 SE 894); *Byrd v. Clark,* 170 Ga. 669 (2) (153 SE 737).

2. Where there is a contingent fee arrangement between a client and his attorney, and the client prevents the contingency from happening, the attorney is entitled to reasonable attorney fees for services rendered on behalf of his client. *Bearden v. Lane,* 107 Ga. App. 424 (1) (130 SE2d 619); *Horton v. Farmer,* 57 Ga. App. 759, 760 (196 SE 112); *Evans v. Hartley,* 57 Ga. App. 598, 603 (196 SE 273).

3. The trial court did not err in denying defendant's motion to dismiss.

4. Rary is no longer counsel for Brookhaven, having been discharged by his client before all the litigation was completed. During the examination of Rary as a witness, opposing counsel went into great detail in asking hypothetical questions as to the law of condemnation and

the possibility that a jury might award only $40,000, in which event Brookhaven would be required to refund $360,000. He then asked Rary this question: "Wouldn't it be fair to say then, Mr. Rary, that your lawsuit is premature? Why don't we wait until it's found out?" Mr. Rary interrupted and answered: "Judge, I think that is up to the court. It would not be here if it were. I think the court has had this case before now and I think if the court thought it was premature that they would so have decided, and you had that right to bring a motion and I believe you did bring a motion to that effect, Mr. Peek, and that it was overruled." Shortly thereafter, Rary (apparently acting pro se) moved for a mistrial because of the "question of prematurity as raised by . . . [counsel] in the presence of the jury, and because there was a serious question as to whether or not the case was premature and it could well be left up to the jury to decide." Defendant's counsel vigorously opposed the motion for mistrial. However, the trial judge thought it was proper to grant a mistrial under the circumstances.

The posture of plaintiff's case at the time of the mistrial was a claim for attorney fees based on quantum meruit and not on contract. The contract provided for 10% of all sums awarded as attorney fees, but the award is not certain and final, being still on appeal. Under the authorities previously cited, one may not recover attorney fees on a contingent fee basis until the event contracted for has occurred. But this does not defeat the attorney's claim for services under quantum meruit. See *Evans v. Hartley,* 57 Ga. App. 598, 603, supra. It was proper for defendant's counsel to show that the $400,000 recovered was not yet fixed by a final judgment and that this amount might be reduced by another jury if the appeal was successful. An attorney is entitled to have his fees valued both in the light of the amount of work he has done, and also by the results accomplished. It was not proper here for the jury to fix the value of attorney fees on the basis of the award of $400,000 as a final judgment.

Of course, a trial judge has broad discretion as to granting mistrials. See *Ga. Power v. Puckett,* 181 Ga. 386 (5) (182 SE 384); *Smith v. State,* 204 Ga. 184, 188 (48 SE2d 860). But here the questions and answers were as to

material and admissible evidence, and it was error to grant the mistrial. However, it is too late now to pick up the broken fragments of that trial and continue with it; and accordingly, a new trial is granted.

*Judgment reversed in part; affirmed in part. Hall, P. J., Eberhardt, P. J., Clark and Stolz, JJ., concur. Bell, C. J., Pannell, Deen and Quillian, JJ., dissent.*

ARGUED JANUARY 14, 1974 — DECIDED MARCH 14, 1974.

*J. Corbett Peek, Jr.,* for appellant.
*Ashton K. Tomlinson,* for appellee.

PANNELL, Judge, dissenting.

I agree with that portion of the judgment which affirms the trial court's denial of the motion to dismiss the complaint, but I dissent from that portion which reverses the grant of the motion for mistrial and grants a new trial.

The erroneous grant of a mistrial because of statements of opposing counsel suggesting the action was premature is not, and cannot be, a ground for granting a new trial, as the grant of the mistrial has already left the case pending for a new trial in the court below. A new trial necessarily follows from such action. "This court will in no case undertake to pass upon questions presented by a bill of exceptions, when it affirmatively appears that, even if the judgment of the court below were reversed, the plaintiff in error would derive no benefit from the adjudication." *Davis v. Mayor &c. of Jasper,* 119 Ga. 57 (1) (45 SE 724); *Benton & Bro. v. Singleton,* 114 Ga. 548 (4) (40 SE 811); *Smith v. Robinson,* 212 Ga. 761 (2) (95 SE2d 798). See also *Central of Ga. R. Co. v. Bridwell,* 34 Ga. App. 77, 82 (128 SE 238).

While the legal question on the motion to dismiss the complaint, the overruling of which is affirmed, is the same legal question involved in granting of the motion for mistrial, and while I might agree with what is said in the opinion with respect to its error, I must dissent from the judgment of reversal on the grounds stated above. As stated by the majority, "It is too late now to pick

up the broken fragments of that trial and continue with it." It follows that "Since any damage done as a result of," the grant of the mistrial "has already been done, and a reversal would not undo such damage, such judgment will not be reversed." *Smith v. Smith,* 224 Ga. 689, 693 (164 SE2d 225).

I would affirm on the enumeration of error as to granting of the mistrial for the reasons above given.

I am authorized to state that Chief Judge Bell and Judges Deen and Quillian concur in this dissent.