## 66462. WELLS et al. v. JONES et al.

BIRDSONG, Judge.

This is an appeal from an award of attorney fees to appellees. The trial court, sitting without a jury, found that appellants and appellees entered into a fee contract whereby appellants agreed to compensate appellees on a one-third contingent fee basis in exchange for legal representation in connection with a fire insurance claim. On appeal, the only two enumerations of error challenge the trial court's determination that a contingent fee contract existed and the trial court's refusal to find that the amount of attorney fees sought by appellees was excessive.

1. Appellants' first enumeration of error merely seeks to have this court review and weigh the evidence in his favor. The trial court found, on conflicting evidence, that the parties had entered into a one-third contingent fee arrangement. This finding of fact is supported by the evidence and will not be disturbed on appeal. *Hanna Creative Enterprises v. Alterman Foods,* 156 Ga. App. 376 (274 SE2d 761).

2. Appellants' second enumeration is likewise without merit. Appellants contend that the "amount awarded by the trial court is excessive in the absence of an express contract." However, the court specifically found, based upon the evidence presented at trial, that the parties entered into a contingent fee contract whereby it was specified that appellees would receive one-third of any settlement or verdict. The contingency expressed in the contract occurred, thus entitling appellees to the fee specified by the contract. See *Brookhaven Supply Co. v. Rary,* 131 Ga. App. 310 (1) (205 SE2d 885). Appellants' complaint that the fee is excessive is without merit.

*Coleman & Newsome v. Ryan,* 58 Ga. 132 (2).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 12, 1983 —
REHEARING DENIED OCTOBER 12, 1983.

*Alexander L. Zipperer III,* for appellants.
*Billy N. Jones, Charles M. Jones,* for appellees.